## THE STATE OF KANSAS V. LUCY TENNISON.

1. MURDER — *Preliminary Examination — Coroner's Warrant — Waiver.* The defendant was arrested upon a coroner's warrant, of which the following is a copy:

   "CORONER'S WARRANT.— *State of Kansas, Johnson County, ss.*— To the Sheriff of Johnson County, Kansas: Whereas, a coroner's jury, duly summoned and sworn to determine the cause of the death of J. D. Tennison, held on June 27, 1887, and July 11, 1887, returned a verdict thereon on July 11, 1887, that the said J. D. Tennison came to his death by means of poisoning, being arsenic feloniously administered, as they, the said jurors believe, by Mrs. J. D. Tennison, and others to said jurors unknown; this, therefore, is to command you forthwith to arrest the said Mrs. J. D. Tennison and take her before *some justice of the peace in said county, then and there to* answer to the charge of feloniously administering the said poison, and causing the death of the said J. D. Tennison.

   "In witness whereof, I have hereunto set my hand, this July 11, 1887.                          DR. THOMAS HAMILL, *Coroner.*"

   She submitted to a preliminary examination upon the warrant, without questioning the sufficiency of the charge therein contained, and after the information was filed sought to have the prosecution abated because the warrant was void, and that therefore no legal preliminary examination had been awarded. *Held*, That although the charge stated in the warrant is not as full and precise as it should have been, it was too late to challenge its sufficiency after the preliminary examination was concluded and the defendant bound over for trial.

2. ———— *Description of Offense in Warrant—Plea in Abatement.* A plea in abatement should not be sustained because of an indefinite description of the offense in the warrant, when it appears as in this case, that the warrant and testimony taken in the preliminary examination together show that the defendant could and did know the nature and character of the offense with which she was charged.

3. ———— *Finding by Magistrate — Commitment — Compliance with Statute.* A general finding made by the magistrate that there is sufficient evidence to warrant the binding over of the defendant, and a recitation in the commitment issued that it appears that the offense of murder has been committed, and that there is probable cause to believe that the defendant is guilty of the commission thereof, is a sufficient compliance with § 54 of the criminal code.

*Appeal from Johnson District Court.*

PROSECUTION for murder in the first degree. On November 14, 1887, the court sustained defendant's motion to quash the information filed against her, and thereupon discharged

the defendant.   *The State* appeals.   The facts sufficiently appear in the opinion.

*S. B. Bradford,* attorney general, for The State; *J. W. Parker,* county attorney, of counsel.

*H. L. Burgess,* and *I. O. Pickering,* for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: On August 19, 1887, the county attorney of Johnson county filed an information in the district court, charging Lucy Tennison with the murder of her husband, J. D. Tennison, by administering to him a deadly poison in his food and medicine, between the 5th day of May, 1887, and the 18th day of June, of the same year.   On the 14th day of November, 1887, the defendant filed a motion to quash the information, on the ground, among others, that she had had no preliminary examination, although she had not waived the same, and was not a fugitive from justice.   The court sustained the motion to quash, and discharged the defendant; and from this order the state appeals.   The motion to quash was verified, and at the hearing thereon testimony was admitted, and it seems to have been treated in the district court as a plea in abatement.

It appears that J. D. Tennison died on the 18th day of June, 1887, under circumstances which led the coroner of Johnson county to summon a jury of inquest to inquire into the cause of his death.   The result of their inquiries was, that J. D. Tennison came to his death by means of poison, which they found to have been feloniously administered by the defendant and others to the jurors unknown.   Thereupon the coroner issued a warrant to the sheriff of the county, requiring him to arrest the defendant and take her before some justice of the peace of the county for preliminary examination.   The following is a copy of the warrant issued:

"CORONER'S WARRANT.— *State of Kansas, Johnson Co., ss.* —To the Sheriff of Johnson County, Kansas: Whereas, a coroner's jury, duly summoned and sworn to determine the cause of the death of J. D. Tennison, held on June 27, 1887,

and July 11, 1887, returned a verdict thereon on July 11, 1887, that the said J. D. Tennison came to his death by means of poisoning, being arsenic feloniously administered, as they, the jurors *believe*, by Mrs. J. D. Tennison, and others to said jurors unknown; this, therefore, is to command you forthwith to arrest the said Mrs. J. D. Tennison, and take her before some justice of the peace of said county, then and there to answer to the charge of feloniously administering the said poison, and causing the death of the said J. D. Tennison.

"In witness whereof, I have hereunto set my hand, this July 11, 1887.        DR. THOMAS HAMILL, *Coroner.*"

Under this warrant the defendant was arrested and taken before a justice of the peace of Olathe, where a preliminary examination was had on the 16th day of July, 1887, and the justice found that there was sufficient evidence to warrant the binding over of the defendant to the district court. Following this examination, the information sought to be quashed was filed. The objection is, that the coroner's warrant was fatally defective, and therefore that the preliminary examination held thereon was invalid. The question was not properly raised by a motion to quash, but as that motion was treated as a plea in abatement in the district court, it will be so treated here. The warrant of the coroner not only furnished authority for the arrest and custody of the defendant, but it also formed the basis for a preliminary examination. Such a warrant is of equal authority with one issued by a justice of the peace, and when the person charged is brought before a justice of the peace, he is to be dealt with by the justice as though the warrant had been founded upon a complaint. (Comp. Laws of 1879, ch. 25, §§ 129, 130.) It is objected that the warrant in this case is insufficient in stating the transactions which occurred before the coroner's jury, and in the description of the offense intended to be charged. All that is required is, that it shall state substantially the transaction before him, and the verdict of the jury of inquest. It is not necessary, as contended, that it shall contain a copy of the verdict, nor need it describe the offense charged with the fullness and accuracy that is required in an information or indictment. Although

the warrant is somewhat informal and defective, it is less so than the one upheld in *The State v. Bailey,* 32 Kas. 83. In that case it was ruled that when the question of the sufficiency of the warrant is raised, as it is here, the only questions for consideration are, whether an attempt has been made to give the defendant a preliminary examination; and whether by such attempt he was given reasonable notice of the offense charged. It was there said that—

"All that is necessary is that the defendant should be given a fair opportunity to know by a proffered preliminary examination the general character and outlines of the offense charged against him; and it is not necessary that all the details and technical averments required in an information should be set forth in the papers used on the preliminary examination. And the defendant should take notice from the evidence introduced by the state on the preliminary examination, as well as from the papers in the case, of the nature and character of the offense charged against him."

(See also *Redmond v. The State,* 12 Kas. 172; *Jennings v. The State,* 13 id. 90; *The State v. Smith,* 13 id. 274; *The State v. Spaulding,* 24 id. 4.)

Now the warrant indicates quite clearly the charge which the defendant was required to meet. She was notified that a coroner's jury, duly summoned and sworn, had investigated the cause of her husband's death, and had found that it resulted from arsenic feloniously administered by her. The words used, that the jurors believe she committed the offense, are equivalent to a statement that they find her to have done so; and this finding is made upon the oath of the jurors, and is sufficient. (Comp. Laws of 1879, ch. 25, § 126.) It is true, the county where and the time when the poison was administered are not stated, and in this respect the warrant was defective; but even this defect will not invalidate the preliminary examination, when the question is raised after the examination has been had. (*Redmond v. The State,* supra.) The defendant submitted to a preliminary examination without questioning the sufficiency of the charge. If the sufficiency of the facts stated in

1. Murder—preliminary examination—coroner's warrant—waiver.

the warrant had been raised by a motion to quash before entering upon the examination, the state could and doubtless would have remedied the defect by making the charge more full and precise.   There was an objection made to the admission of testimony at the examination, on the ground that there had been no complaint filed against the defendant, but this objection did not raise the question.   The inquisition of the coroner's jury took the place of a complaint, and furnished the basis for the warrant.   It was not pretended that a complaint had been filed, and the objection made cannot be regarded as equivalent to a motion to quash the warrant and discharge the defendant.   The question was not raised in any proper way until after the preliminary examination had been had, in which it appeared that the time and place of the commission of the alleged offense were clearly brought to the defendant's attention, and it was then too late to avail herself of the defect.   As we have seen, the same fullness of statement required in an information or indictment is not to be expected in a warrant or any of the preliminary papers.   It is even provided that a defendant may be arrested upon a warrant charging one offense and bound over to answer for another, if, upon a preliminary examination, it appears that he is guilty of an offense other than that charged. ( Crim. Code, § 55.) Taking the warrant and testimony introduced upon the preliminary examination, which is preserved in the record, together, and it clearly appears that the defendant could not have misapprehended the nature and character of the charge made against her.   The matter was investigated first before the coroner's jury, she was arrested upon the warrant issued, a careful and exhaustive examination was had before a justice of the peace, and a reading of the testimony there taken discloses that she not only had an opportunity to know, but that she did know, the true character of the charge made against her.   We think the principal purposes of the preliminary examination have been subserved, and that the court erred in holding that no preliminary examination had been had.

2. Description of offense in warrant—plea in abatement.

Another objection is, that the finding of the justice of the peace upon the preliminary examination does not comply with the requirements of § 54 of the criminal code. To bind over the accused, it must appear to the justice that an offense has been committed, and that there is probable cause to believe the defendant guilty. The record made by the justice should show the existence of these conditions, but it is not required that the exact language of the statute should be employed in making the entry. In the present case there is a general finding made by the justice that "there is sufficient evidence to warrant the binding over of the defendant." In the order of commitment issued, and which is made a part of the record, the justice recites that "It appears that the offense of murder has been committed, and that there is probable cause to believe that Lucy Tennison is guilty of the commission thereof."

3. Finding by magistrate— commitment— compliance with statute.   Taking the two entries together, there can be no question of what the findings are, and that there has been a substantial compliance with the requirements of the statute.

The ruling of the court sustaining the motion to quash the information was erroneous, and its judgment will be reversed.

All the Justices concurring.