THE STATE OF KANSAS V. ART CURRY.

No. 14,787.   (87 Pac. 745.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Former Jeopardy—Amendment of Record of Former Trial.* A plea of former jeopardy was based upon the failure of the record of a former trial to show affirmatively that the jury were discharged for the reason that the court found they were unable to agree. Before the plea was heard the court made an order correcting the record so as to speak the truth, and as corrected it showed that on the former trial the court inquired of the jury and upon their answers found they could not agree. *Held,* first, that the court possessed ample power to correct its record in accordance with the fact; second, that upon the amended record the plea was properly overruled.

Appeal from Elk district court; GRANVILLE P. AIK-MAN, judge.   Opinion filed November 10, 1906.   Affirmed.

*C. C. Coleman,* attorney-general, and *A. T. Ayres,* county attorney, for The State.

*S. S. Kirkpatrick,* and *W. W. Sutton,* for appellant; *Byron Kirkpatrick,* of counsel.

The opinion of the court was delivered by

PORTER, J.: At the September, 1905, term of the district court of Elk county appellant was convicted of the crime of grand larceny.   His appeal is based upon the claim that the court erred in overruling his plea in

bar, which was a plea of former jeopardy. It appears that there had been two mistrials at previous terms, one in September, 1904, and the other in May, 1905. The record of each of these former trials recited that when the jury returned into court and announced that they were unable to agree they were discharged.

To appellant's plea of former jeopardy the state filed an answer consisting of a general denial. When the plea came on to be heard the county attorney filed a motion for an order of court correcting the journal entries of judgment in the former trials so as to show correctly the facts as they occurred, and, upon evidence of what in fact had taken place at the former trials, the motion was allowed and orders entered correcting the journal entries by recitals showing that the court in each trial had inquired of the jury as to whether there was any probability of their being able to agree upon a verdict and that, upon the answer of the jury, the court made a finding that they were unable to agree and thereupon discharged them. The clerk was ordered to enter the corrections upon the journal. The trial of the plea in bar then proceeded, the court denied the request of appellant to submit the plea to a jury, and the plea in bar was overruled.

Appellant relies upon *The State v. Allen*, 59 Kan. 758, 54 Pac. 1060. In that case the record was: "The jury not having agreed upon a verdict in the above-entitled cause, the jury is discharged from further consideration of this case." (Page 759.) This court, commenting, said:

"It does not appear from the record that the jury was unable to agree. . . . It does not show that the jurors informed the court or held the opinion that an agreement was improbable. . . . In this case it is contended that one of the recognized statutory grounds or necessities for discharge appears—that is, the inability of the jury to agree; and if we could look beyond the record a basis for this contention might be found." (Pages 759, 760.)

In *The State v. Smith,* 44 Kan. 75, 24 Pac. 84, 8 L. R. A. 774, 21 Am. St. Rep. 266, it was said:

"When an order is made by a trial court discharging a jury without verdict, to which has been committed the question of the guilt or innocence of a prisoner charged with a crime, the record ought to show affirmatively the existence of the fact which induced such order and justified the exercise of such extraordinary power. This much seems to be demanded in order to preserve to the prisoner the full benefit of the constitutional requirement in his behalf." (Page 80. See, also, *The State v. Reed,* 53 Kan. 767, 37 Pac. 174, 42 Am. St. Rep. 322.)

In the Allen case, *supra,* the court said:

"It results from these cases that before a court may discharge a jury to which has been submitted the question of the guilt or innocence of the accused, and especially in capital cases, there must exist: *First,* an absolute necessity for such discharge; *second,* the court must make inquiry and find and determine that such necessity existed at the time of the discharge; and, *third,* the essential facts as to such necessity and the finding of the court thereon must be made a matter of record; or the defendant may successfully plead former jeopardy when placed on trial on the same charge." (Page 761.)

The amended record in the case at bar complies with all these requirements. It cannot be denied that the court has ample power to correct its record at any time so as to make it speak the truth. (*Christisen v. Bartlett,* 73 Kan. 401, 84 Pac. 530, 85 Pac. 594; *Cubitt v. Cubitt, ante,* p. 353.)

The plea of former jeopardy had no substantial basis upon which to rest after the record was amended, and was therefore properly overruled. The judgment is affirmed.

All the Justices concurring.