## THE STATE OF KANSAS V. H. E. DEMMING.

No. 16,161.   (100 Pac. 285.)

SYLLABUS BY THE COURT.

1. MURDER—*Evidence and Verdict.* The evidence examined and found sufficient to uphold the verdict.

2. ———— *Evidence—Threatening Language by Defendant.* Rulings upon the admission and rejection of evidence held not to have been erroneous.

3. ———— *Self-defense.* In a prosecution upon the charge of murder by shooting, the issue being self-defense, the court was asked to give this instruction: "It is not essential that the defendant show that deceased actually had a deadly weapon; it is sufficient in that respect if he show that the conduct of the deceased was such as to evidence [induce] a reasonable belief that he had one." *Held,* that the subject was sufficiently covered by a charge that in order to have been justified in his act the defendant must have believed upon reasonable grounds that the deceased, having the apparent power to take his.life or inflict upon him great bodily harm, was about to do so when he fired the fatal shot.

4. CRIMINAL LAW—*Notice of Offense Charged—Entries in Justice's Docket.* It is not sufficient ground for a plea in abatement that the docket of the justice of the peace before whom a preliminary examination was held shows merely a finding that a crime has been committed (its character not being stated) of which there is probable cause to believe the defendant guilty, and an order that he be held to answer the charge as filed against him in the district court, where the information charges the same offense as that described in the warrant.

5. ———— *Sentence.* Where a defendant is convicted of murder in the second degree a definite punishment should be assessed; yet if an indeterminate sentence is pronounced the validity of the conviction is not affected, but the cause may be remanded for resentence.

Appeal from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed February 6, 1909. Affirmed.

*Fred S. Jackson,* attorney-general, and *John R. Thorne,* county attorney, for The State; *J. W. Parker,* and *I. O. Pickering,* of counsel.

*John T. Little, John T. Burris, E. Locher, C. B. Little,*
and *Martin & Bailey,* for appellant.

The opinion of the court was delivered by

MASON, J.:  H. E. Demming was prosecuted for kill-
ing Harry Chesser and convicted of murder in the second
degree.  The killing was admitted, the issue tried being
self-defense.  On appeal the principal contention made
is that the verdict was not supported by the evidence.
The case is peculiarly one in which a strong argument
can be made for the defendant's innocence, the homi-
cide having grown out of a prolonged quarrel in which
Chesser appears to have been the aggressor up to the
time the shot was fired that killed him.  But the ques-
tion whether under all the circumstances the defendant
was justified in shooting him was clearly one for the
determination of the jury.  It can not be said that the
admitted facts compelled an acquittal or that the evi-
dence conclusively established that the killing was done
in self-defense.  Although the testimony was largely
undisputed, the guilt or innocence of the defendant de-
pended upon the inferences to be drawn from it, and
these inferences were for the jury.  Just before the
shooting Chesser had struck Demming over the head
with a bottle of whisky.  Whether at the moment the
shot was fired he was following up the assault or was
attempting to escape, and whether the assault was of
such a character as to lead the defendant to a reason-
able belief that he was in danger of serious injury and
that the shooting was necessary for his protection, were
matters about which opinions might reasonably differ.
The general attack upon the verdict therefore fails.

Complaint is made that the court ruled out questions
asked upon cross-examination of the state's witnesses,
thereby requiring the defendant to call them in his own
behalf in order to bring out matters relevant to their
testimony in chief.  It does not appear, however, that
the cross-examination was unduly restricted or that

any prejudice resulted to the defendant from the rulings made in this regard.

The state was allowed to show threatening language used by the defendant some time before the affray. This is objected .to because the time was too remote and because the threats were not communicated to Chesser. Neither objection is well taken. The lapse of time was not sufficient to deprive the evidence of all value, and proof of the communication of the threats was not necessary, the purpose of their introduction being to show the defendant's frame of mind.

The court was asked to give an instruction containing this language :

"It is not essential that the defendant show that deceased actually had a deadly weapon; it is sufficient in that respect if he show that the conduct of the deceased was such as to evidence [induce] a reasonable belief that he had one."

This was refused, but the jury were told in substance that in order to have been justified in his act on the ground of self-defense the defendant must have believed upon reasonable grounds that the deceased, having the apparent power to take his life or to inflict upon him great bodily harm, was about to do so when he fired the fatal shot. Whether Chesser was or appeared to be armed was not an independent question involved in the case upon which the court was required to instruct. It was of importance only as it affected the question whether he had or appeared to have the power to inflict immediate injury upon Demming. The general instruction that so far as the matter of self-defense was concerned the apparent possession of such power was equivalent to its real possession sufficiently covered the instruction asked with regard to the deadly weapon.

The final claim made in behalf of the defendant is that the court erred in overruling a plea in abatement. This plea was based upon the fact that the docket of

The State v. Demming.

the justice of the peace before whom the preliminary examination was held showed merely a finding that a crime (its character not being stated) had been committed of which there was probable cause to believe the defendant guilty, and an order that he "be held to answer the charge as filed against him in the district court." The warrant, however, sufficiently described the offense, and upon the whole record it is clear that the defendant had abundant information concerning the nature of the accusation against him. The statute was therefore substantially complied with. (*The State v. Bailey,* 32 Kan. 83, 3 Pac. 769; *The State v. Tennison,* 39 Kan. 726, 18 Pac. 948.)

A matter not raised by the defendant, but which appears from the face of the record and abstract, seems to require mention. Judgment was pronounced under the indeterminate-sentence act, which excepts murder from its provisions, irrespective of the degree. (Laws 1903, ch. 375, § 1.) This, however, does not affect the validity of the conviction. (*The State v. Tyree,* 70 Kan. 203, 78 Pac. 525.)

The conviction is affirmed, but the case is remanded to the district court in order that a definite term of confinement in the penitentiary may be fixed.