No. 35,723

THE STATE OF KANSAS, *Appellee,* v. EDWARD TERRY PERKINS, *Appellant.*

(133 P. 2d 160)

Opinion filed January 23, 1943.

*Edward Terry Perkins* was on the briefs *pro se.*

No appearance was made for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal in an action wherein defendant was prosecuted for breaking jail or escaping from custody as hereafter set forth.

It may be noted that the defendant prosecutes his own appeal, and the record submitted and the brief filed are not as complete as they should be. Notwithstanding, the appeal will be considered.

Without going into detail, the record discloses that the amended information on which trial was had charged that on February 20, 1942, the defendant, then lawfully committed to the county jail on a commitment by a named justice of the peace of Labette county for a named offense, unlawfully and feloniously escaped from one Lee McMellon, then the jailer for the county jail of Labette county.

The cause came on for trial on April 15, 1942. The journal entry of judgment discloses that on that day defendant asked leave of the court to withdraw his plea of not guilty entered on March 6, 1942, leave to do so being granted, and in answer to an inquiry by the

court defendant stated he did not have and did not want an attorney to represent him, and that after being fully advised he signed a waiver of appointment of an attorney, and the court found that the appointment of an attorney would not be to his advantage. Thereafter in response to inquiries by the court he stated he was guilty of the offense of escaping an officer in violation of section 21-735a, G. S. 1935, and his plea of guilty was accepted by the court. Defendant stated he had no legal cause to show why he should not be sentenced, and thereupon he was sentenced to the penitentiary for a period not to exceed three years. Included in the record is the signed waiver of the defendant of his right to counsel, the details of which need not be repeated.

No motion for a new trial was filed, and apparently the defendant was soon taken to the penitentiary at Lansing. The record contains two notices of appeal. Both are headed "Lansing, Kans. June 27, 1942," one being addressed to the clerk of the district court, the other to the county attorney, both stating defendant appealed. Both notices were filed in the office of the clerk of the court of Labette county on July 3, 1942.

The appellant's brief is inartistic, and in part presents contentions which would be raised more properly in a habeas corpus proceedings, although some mention will be made of them later.

Insofar as the appeal is concerned, we note the following: Although the amended information does not make specific reference thereto, nor does the journal entry later mentioned, the offense charged was that denounced by G. S. 1935, 21-735, and to the effect that if any person confined in any county jail upon conviction of any criminal offense shall break such prison or custody and escape he shall be punished as therein provided. That was the offense with which he was charged, the one on which he was arraigned and quite evidently the one to which he pleaded guilty. Under the statute applicable (G. S. 1941 Supp. 62-1516) upon a plea of guilty, a record is to be made upon the journal which shall contain a "statement of the offense charged, and under what statute;" and "the plea . . . and the . . . sentence imposed, and under what statute." Without noting other matters, it appears that the appellant was charged under one section of the statutes denouncing crimes, i. e., G. S. 1935, 21-735, and was sentenced under another and different section, i. e., G. S. 1935, 21-735a. Reference to the latter section discloses it refers to a person confined in the county jail who is compelled to work under direction of the board of county commissioners, and who shall

escape from the place of employment or in going to and from such employment, etc. It is true that both sections provide for the same punishment, but that is not an answer to appellant's contention. On his plea of guilty of the offense with which he was charged, appellant could be sentenced, but not for another and distinct offense, with which he was not charged and consequently could not be arraigned.

Ordinarily we would reverse the cause only to the point where the appellant would be returned to Labette county so that a proper sentence could be imposed. (*State v. Tyree*, 70 Kan. 203, 210, 78 Pac. 525; *State v. Warner*, 93 Kan. 378, 144 Pac. 220.)

Under different headings appellant contends the trial court erred in not appointing counsel for him, and that such appointment was a basic element in and necessary to have been done in order that his rights to due process of law and equal protection under the law, as required by the fourteenth amendment to the federal constitution, be preserved to him. This contention is not good. Except for the matter of coercion hereafter mentioned, there is no contention but that appellant, when placed on trial, was informed of his right to counsel and that he waived such right by written instrument, all as provided by Laws 1941, chapter 291. (G. S. 1941 Supp. 62-1304, 62-1516.) Compliance with the above statute constituted due process of law and appellant was not deprived of any right guaranteed to him under the fourteenth amendment to the federal constitution. And it may be observed that even though the last mentioned act had never been passed, the acts of the trial court in advising him of his right to counsel and his waiver were such that it could not be said he was denied due process of law. (See *Jones v. Amrine*, 154 Kan. 630, 121 P. 2d 263.)

However, appellant contends that he waived his right to counsel and entered his plea of guilty by reason of previously exerted pressure and threats of the sheriff. In the very nature of the matter, there having been no motion for a new trial, this charge is not supported in any manner. Of course, if its truth be assumed, his waiver of counsel and his plea of guilty should not stand. It would be well that when the matter is again before the trial court an inquiry be made whether this charge is true or not and proceedings thereafter should be consistent with such finding as may be made.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent herewith.

PARKER, J., not participating.