No. 36,158

In the Matter of the Application of D. EDWARDS, *Petitioner*, v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(151 P. 2d 698)

Opinion filed September 30, 1944.

*C. J. Evans*, of Topeka, argued the cause for the petitioner.

*Carl A. Ballweg*, assistant attorney general, argued the cause, and *A. B. Mitchell*, attorney general, was on the briefs for the respondent.

The opinion of the court was delivered by

SMITH, J.: This is an original action wherein the petitioner seeks to be released from the state penitentiary at Lansing. There is no dispute about the facts.

The petitioner was charged with larceny of an automobile, in violation of G. S. 1935, 21-533. The information mentioned that section and no other. He pleaded guilty as charged. The journal entry recites that counsel was appointed to represent the defendant; that the information was read to him; and he pleaded guilty "to grand larceny of an automobile, in violation of 21-533 of the General Statutes of Kansas, 1935"; that the sentence of the court was "that said defendant be taken to the jail of said county, and thence to be taken by the sheriff of said county to the state penitentiary at Lansing, Kansas, there to be confined at hard labor, subject to the provisions of law, for a term of one (1) to five (5) years." The commitment is in substantially the same language. The date of this commitment was September 25, 1941.

Soon thereafter petitioner was conveyed to the penitentiary, where he is now confined. The controversy arises because when he arrived at the penitentiary the authorities there examined the information and journal entry and concluded that while the journal entry pro-, vided that the confinement should be for a term of not less than one nor more than five years, actually it should have been for a term of not less than five nor more than fifteen years. The petitioner is being held as though the sentence had actually been for the longer term. The reason the prison authorities took that position is found in the statutes. G. S. 1935, 21-533 is the section mentioned in the information. That section is as follows:

"Every person who shall be convicted of feloniously stealing, taking or carrying away any money, goods, rights in action or other personal property or valuable thing whatsoever of the value of twenty dollars or more, or any automobile, or motor vehicle, or any horse, mare, gelding, colt, filly, ass, mule, neat cattle, sheep, goat, hog, or in the nighttime any domestic fowls, harness, or saddles, belonging to another, shall be deemed guilty of grand larceny."

It will be noted that the above section defines grand larceny generally and specifically mentions automobiles. It does not provide what the punishment shall be, however. Attention is given to that in the next section, G. S. 1935, 21-534. That section provides as follows:

"Persons convicted of grand larceny shall be punished in the following cases as follows: First, for stealing any automobile or motor vehicle, by confinement at hard labor for not less than five years and not more than fifteen years; second, for stealing a horse, mare, gelding, colt, filly, neat cattle, mule or ass, by confinement at hard labor not exceeding seven years; third, in all cases of grand larceny, except as provided in the two succeeding sections (*), by confinement at hard labor not exceeding five years."

It will be noticed that the lawmakers have seen fit to provide that one who steals an automobile shall be punished more severely than had his offense been that of stealing some other form of property. The petitioner in this case pleaded guilty to larceny of an automobile. That is clear from the record. Such being the case, it is clear that his sentence should have provided for confinement for a term of from five to fifteen years. The sentence given by the trial court was not in accordance with the statute. The authorities at the penitentiary took note of these things and the warden announced that he would hold petitioner for the longer term, as though the trial court had given him the correct sentence.

The petitioner argues here that the actual journal entry is the

authority, and the sole authority by which the warden holds him, and that the warden was powerless to change the terms of that journal entry so as to give him authority to hold petitioner for a longer term. The warden argues here that it is perfectly clear from the record that the correct sentence for the offense to which petitioner pleaded guilty was not less than five nor more than fifteen years and that it was his duty to examine the entire record and to hold petitioner for the proper time as required by the record regardless of the actual sentence.

For the purpose of this opinion it may be conceded that the position taken by the petitioner is sound. He is asking here that the warden be directed to release him from custody at once. That result does not necessarily follow. Had the sentence of from one to five years been the correct one petitioner would not be entitled to his release as a matter of right until he had served his maximum. Release sooner than that would depend on action of the parole board or executive clemency by the governor. (See G. S. 1935, 62-1525.) Assuming that the petitioner was incarcerated in the penitentiary beginning September 25, 1941, which was the date when the trial court ordered him transported to Lansing, with the usual time allowance for good behavior, his maximum sentence would be for three years, three months and nineteen days. In that event he would not be entitled to his release had the sentence imposed been the correct one until January 13, 1945. This application for release under a writ of habeas corpus might now be disposed of on that ground.

There is another question in the case, however, which we have concluded to consider. It is clear to us that the petitioner did plead guilty to larceny of an automobile. The sentence imposed by the trial court was not the correct one. It should have been for not less than five nor more than fifteen years. We do not care to put our stamp of approval, however, on the action of the warden in announcing he would hold the petitioner for what appeared to be the correct term of imprisonment regardless of the actual sentence pronounced by the trial court. The sentence pronounced was invalid. Petitioner should have been sentenced to be confined for a term of not less than five nor more than fifteen years, as provided by G. S. 1935, 21-534. Under such circumstances the correct procedure is for the accused to be brought before the trial court for a proper sentence. We have made orders to that effect in the past where it appeared that the sentence imposed was not the correct one. (See

*State v. Woodbury,* 132 Kan. 22, 294 Pac. 928; also *State v. Perkins,* 156 Kan. 323, 133 P. 2d 160.)

This mistake would probably not have occurred if the proper attention had been paid to G. S. 1943 Supp. 62-1516. That section provides, in part, as follows:

"When judgment is rendered, or sentence of imprisonment is imposed, upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court, which record among other things shall contain a statement of the offense charged, and under what statute; the plea or verdict and the judgment rendered or sentence imposed, and under what statute. . . ."

That section was section 2 of chapter 291 of the Laws of 1941. It became effective April 12 of that year. This sentence was pronounced September 24, 1941, so the above section was the law at that time. The act was passed in order to do away with some of the rather perplexing questions that have been arising in some of the habeas corpus cases, of which we have had so many lately.

Had it been followed the trial court and the prosecuting attorney would have noticed first that the prosecution was being had under G. S. 1935, 21-533. Evidently the court's attention was called to that section. Its attention, however, should have also been called to the fact that the judgment should be rendered under a section other than the one under which the defendant was charged or G. S. 1935, 21-534. When the court read this section it would have realized at once that the judgment should be that defendant be confined for a term of not less than five nor more than fifteen years.

It is therefore ordered that petitioner be taken before the district court of Sedgwick county, division No. 4, and that the above court proceed to impose a sentence for the larceny of an automobile in accordance with the provisions of G. S. 1935, 21-534.

The writ is denied.