No. 36,983

A. H. STRUBLE, *Appellant*, v. C. L. GNADT, Sheriff of Wabaunsee County, *Appellee*.

(191 P. 2d 179)

Opinion filed March 19, 1948.

*Edward Rooney,* of Topeka, argued the cause, and *Jacob A. Dickinson* and *David Prager,* both of Topeka, were with him on the briefs for the appellant.

*A. E. Carroll,* of Alma, argued the cause, and *E. W. Stuewe,* county attorney, and *D. M. Sparks,* of St. Marys, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is a petition for writ of habeas corpus filed originally in district court. Respondent's demurrer to the petition was sustained and petitioner has appealed.

The petition alleged that Struble was arrested March 2, 1946, on two warrants, each issued upon a separate complaint sworn to on the same date; that in one case he was charged with rape upon a twelve-year-old girl and in the second case in two counts, count one being attempted rape and count 2 being rape upon another girl; that on the 28th of March, 1946, he was given a preliminary examination upon both charges before the same justice of the peace that had issued the warrants; that counsel was the same for each side; that the preliminary on the second count was held immediately following

that upon the first; that he was held in jail from the time he was arrested March 2 until May 24, 1946, when he was released on bond; that on May 13, 1946, he was tried in the district court on the second charge, which alleged in count 1 that on the ———— day of July, 1945, he attempted rape on a young girl, naming her, and on the ———— day of July, 1945, he raped the same girl; that the court directed the jury to bring in a verdict of not guilty as to the first count and the jury was unable to agree and was discharged as to the second count; that he was never brought to trial in the first case but on the 26th day of March, 1947, was discharged as to it because the state had not given him a speedy trial; that on March 26, 1947, he filed a plea in abatement in the second case, which was overruled by the trial court.

The petition then alleged that because of the facts alleged he was wrongfully deprived of his liberty because when the two preliminaries were held at the same time and evidence introduced as to both charges he should have been bound over on each case but they should have been combined in one information, consisting of three counts; that in the preliminary trial of the second case evidence was introduced concerning the facts in the first case, and in the trial of the second case in the district court evidence was introduced concerning the facts in the first case. The petition alleged under the rule announced in *State v. Momb*, 154 Kan. 435, 119 P. 2d 544, and *Claflin v. State*, 154 Kan. 452, 119 P. 2d 540, defendant had been in jeopardy and was at the time the petition was filed wrongfully imprisoned. To this petition the respondent Gnadt, the sheriff, demurred. This demurrer was sustained, hence this appeal.

The question may be stated about as follows:

Where a defendant is charged and given a preliminary hearing for the commission of several separate and distinct felonies and all of the evidence at the preliminaries is of the same general character requiring the same mode of trial, the same kind of evidence and the same kind of punishment, must he be tried for all of the offenses with which he is charged in the same information, or stated conversely, may the charges be segregated and different informations filed as to the different female persons in the case of rape upon whom the defendant is charged with having committed the crime? The petitioner argues the question is answered by G. S. 1935, 62-1449. That section provides as follows:

"When one is properly charged in one or more counts of a complaint, in-

dictment, or information with an offense, or offenses, against any of the laws of the state, and upon the trial of the action evidence is admitted of other offenses which might have been included as other counts in the complaint, indictment, or information, or on which the state might have elected to rely in the action then being tried, a conviction or acquittal on the charge, or charges, as made in the complaint, indictment, or information, shall operate as a bar to any subsequent prosecution of the same person in another action for any act or acts for which the state could have asked for a conviction under the complaint, indictment or information in the former trial."

What happened here was that practically the same evidence was used in both preliminaries. There has been only one trial in district court, however. This defendant was charged with having raped a young girl and attempting to rape and raping another, and at the preliminary hearing on these charges one following the other, evidence was introduced as to his acts toward both the young girls. Only the latter case was ever tried in the district court and that resulted in mistrial on account of the jury being unable to agree as to the rape charge and the jury being instructed to acquit on the charge of attempted rape. The state only seeks to retry him upon the second count, that is, the count charging rape. The only difference between this and any other case where a trial has resulted in the jury being unable to agree is here the defendant argues that because evidence as to both charges was used at the preliminary the spirit of the above statute has been violated.

We have heretofore dealt with G. S. 1935, 62-1449. It is a comparatively new statute. There is an interesting story about how it happened to be enacted. One Brown had been charged with statutory rape on an information charging one count but no specific date. At his trial evidence of several acts of rape with the same young girl was admitted. Upon motion the state elected to rely upon acts committed on a certain date. After Brown was acquitted on the above charge he was again arrested and charged with other offenses against the same girl on different dates, all within two years of the date of the charge. Brown asked for a writ of habeas corpus and argued that since he could have been convicted on account of any act of rape with the girl in question, about which testimony was admitted, occurring any time within two years before the charge, he actually had been in jeopardy when tried and acquitted and could not be tried again for any of these acts. We held that because on motion of the defendant the state had elected to try Brown for the offense committed on a certain date he had

been in jeopardy only as to offenses committed on that date. (See *In re Brown*, 139 Kan. 614, 32 P. 2d 507.) Subsequently the same matters were raised in a plea in abatement by Brown, the state's demurrer to it was sustained and when Brown appealed we dismissed the appeal because such an order is not appealable. This opinion was filed November 7, 1936. (See *State v. Brown*, 144 Kan. 573, 61 P. 2d 901.) The legislature had at the session of 1935 enacted chapter 163 of the session laws for that year. Section 1 of that chapter is now G. S. 1935, 62-1449, the section with which we are now concerned. It may fairly be said that our decision in *In re Brown*, supra, caused its enactment. It was designed to meet a situation where there had been a series of more or less related criminal acts involving the same defendant, and to provide that he could only be tried once for the entire series, where evidence as to all the offenses had been used. Brown afterwards was convicted on the second charge. We affirmed the conviction and said that G. S. 1935, 62-1449, was unavailing for him because it was intended to act prospectively and not retroactively.

We were called on to consider the section in *State v. Momb*, supra. There three separate indictments had been returned against Momb for blackmail against operators of slot machines. They were all offenses similar to that, the only difference being that the offense was committed against a different person each time. Momb was acquitted on the first case tried. When his trial on the second indictment started he filed a plea in abatement raising the facts of the former acquittal and the use of evidence as to all offenses. He argued that G. S. 1935, 62-1449, was in point. The plea was overruled. He was convicted and on appeal we reversed the trial court. We held

"The provisions of section 1, chapter 163, Laws of 1935 (G. S. 1935, 62-1449) being an act which relates to subsequent prosecution in criminal actions, and being also supplemental to those provisions of the code of criminal procedure pertaining to jeopardy, construed, and held, where a person is properly charged with an offense or offenses and upon the trial of the action evidence is admitted of another offense or offenses which might have been included as other counts in the complaint, indictment, or information, a conviction or acquittal on the charge or charges as made operates as a bar to any subsequent prosecution of the same person in another action for any act or acts for which the state could have asked for a conviction, if the state had included such other act or acts as a separate count or counts in the complaint, indictment, or information upon which the person was formerly tried." (Syl. ¶ 1.)

*Claflin v. State,* supra, was a case where the district court had discharged a petitioner on a petition for a writ of habeas corpus. On appeal we affirmed the judgment of the trial court. There Claflin had been charged with four offenses of arson in four separate complaints. Four separate informations had been filed. He was tried and acquitted on one of these informations. The only material evidence bearing on Claflin's guilt was a confession in which he confessed to all four offenses. After his acquittal he sought a writ of habeas corpus to prevent his being tried on the other three informations. We invoked G. S. 1935, 62-1449. We said:

"Here the matter to be decided seems to fall precisely under the letter and purpose of the statute of 1935. The offenses charged against Claflin not only could be but originally were charged in four counts of a single complaint. There was no change in those charges when by a mere strategical maneuver of the prosecution the same four identical charges were filed against him in four separate complaints and the first complaint dismissed. And certainly there would not have been the slightest difficulty in including all four of the complaints as counts in one information. Moreover, even without the statute of 1935, simple justice to the accused, as well as a decent regard for the taxpayers of Douglas county, should have prompted the state to avoid four lengthy and expensive criminal trials on the four charges so similar in every respect by including them in one information and by putting the accused to the hazard of conviction in one fair trial before a jury and no more. The evidence relied on for conviction in information No. 3786 was the purported confession of Claflin completely covering all four attempts to set fire to the building; and that confession was not more applicable to the offense charged in information No. 3786 than it was to each of the other offenses. The evidence as to the commission of those other offenses did not creep into the case on trial casually or incidentally. It was thoroughly aired in all its details." (p. 455.)

These are the only opinions in which we have considered this section. It will be seen that in both the Momb and Claflin cases there had been a trial in the district court where all the evidence sought to be used in the trial of the subsequent case had been used in the trial of the first case, the defendant had been acquitted, and the statute had been invoked to prevent the defendant being tried again and the same evidence used. In the Claflin case we did, it is true, say that simple justice would require that defendant should have been tried for all four offenses as separate counts in the same information. We did not say, however, we would have allowed the writ for that reason alone had it not been for the statute.

The statute itself by its own terms applies to trial in the district

court and not to preliminary hearings. It says "properly charged" and "upon trial" "conviction or acquittal" "asked for a conviction." A preliminary hearing is not a trial. An accused is neither convicted nor acquitted at a preliminary hearing. He is merely held for trial in district court or discharged. (See *State v. Tennison,* 39 Kan. 726, 18 Pac. 948.)

The action of an examining magistrate never puts an accused in jeopardy. (*State v. Jones,* 16 Kan. 608.) In case the magistrate in this case had refused to hold the accused for trial, he could have been arrested again on the same charge and taken before another magistrate and given another preliminary hearing. Had the evidence adduced tended to establish that an offense other than the one upon which the accused was arrested was committed and there was probably ground to believe the accused committed it he might have been held for trial in the district court and tried on the latter charge. (*State v. Fields,* 70 Kan. 391, 78 Pac. 833, and *Redmond v. State,* 12 Kan. 172.)

Here the evidence of the charges as to both girls was introduced at the preliminary hearing. We have just demonstrated that G. S. 1935, 62-1449, by its own terms, does not apply to such hearing. Evidence tending to prove the offenses as to both girls was introduced at the trial of defendant in the district court on the second charge. The trial resulted in the jury being discharged because it could not agree. However, this is simply a retrial of petitioner on that charge. A defendant has not been in jeopardy where his first trial results in a mistrial because the jury could not agree. (See *State v. Alexander,* 66 Kan. 726, 72 Pac. 227, *State v. Harger,* 61 Kan. 504, 59 Pac. 1080, and *State v. Curry,* 74 Kan. 624, 87 Pac. 745.) To so hold would give to a mistrial all the effects of an acquittal.

It is true the state could have filed an information charging the defendant in one information with all three counts. In the absence of a statute the state is not required to do so, however. The statute relied on by defendant does not require it.

The judgment of the trial court is affirmed.