No. 37,948

GENE LAVERNE PATTERSON, *Appellee,* v. ROBERT H. HUDSPETH, Warden, Kansas State Penitentiary, *Appellant.*

(223 P. 2d 974)

Opinion filed November 10, 1950.

*C. Harold Hughes,* assistant attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, and *Colonel H. Boone,* county attorney, were with him on the briefs for the appellant.

*Homer Davis,* of Leavenworth, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by respondent, Robert H. Hudspeth, warden of the state penitentiary, from a judgment in a habeas corpus proceeding instituted by the petitioner, Gene Laverne Patterson. The appeal is from the judgment of the district court of Leavenworth county. That court concluded petitioner was not en-

titled to his release from custody but not withstanding such judgment respondent nevertheless contends the court committed reversible error in certain particulars to be noted presently.

Two former judgments and sentences in felony cases formed the basis of appellee's petition for a writ. The first judgment was rendered and sentence was pronounced under an information filed in the district court of Sedgwick county. It charged petitioner, appellee, with larceny of an automobile in violation of G. S. 1935, 21-533. For that offense petitioner was sentenced to the state industrial reformatory. While there incarcerated he and five others were charged jointly with felonious assault on a guard at the reformatory contrary to the provisions of G. S. 1935, 21-431 and in a second count with attempted escape from the reformatory by force, contrary to G. S. 1935, 21-737. The latter information was filed in the district court of Reno county. Petitioner was between eighteen and nineteen years of age and all the other five defendants were likewise minors. Without counsel they entered their pleas of guilty to the charges filed against them in the district court of Reno county. The petitioner was sentenced under the habitual criminal act.

We shall first refer to the proceedings in the district court of Sedgwick county. The trial court made findings of fact and conclusions of law with respect to the convictions and sentences in both courts. As we view this appeal it is unnecessary to encumber our reports with a complete restatement of the findings and conclusions made in the instant case. With respect to the action in Sedgwick county the court found petitioner was convicted in the district court of that county on a charge of larceny of an automobile on February 15, 1945, in violation of the grand larceny statute, G. S. 1935, 21-533, and that petitioner was sentenced to a term in the state industrial reformatory where he was "to be confined according to law from one to five years . . . :" The finding pertaining to sentence appears to have been based on a transcript made at the time of sentencing. The journal entry of judgment, however, does not so read. It discloses petitioner and his counsel were advised petitioner stood charged with the offense of grand larceny under the provisions of G. S. 1935, 21-533. (The information charged larceny of an automobile in violation of G. S. 1935, 21-533.) The journal entry further shows petitioner was sentenced "to the Kansas State Industrial Reformatory at Hutchinson, Kansas, *there to be confined, according to law.*" (Our italics.)

Sentences for grand larceny are divided into three separate and distinct classifications under G. S. 1935, 21-534. The sentence for one form of grand larceny is for a term of confinement not exceeding seven years. Another is for a term not exceeding five years. The sentence for larceny of an automobile is confinement at hard labor for not less than five years and not more than fifteen years. The petitioner has not served the maximum term of the sentence for grand larceny of an automobile. The district court of Leavenworth county also found the journal entry of judgment contained no recitation the plea of guilty and sentence imposed were for grand larceny of an automobile and that it recited only petitioner pleaded guilty to the offense of grand larceny, contrary to the provisions of G. S. 1935, 21-533, and that the journal entry specified no minimum or maximum time. The court concluded the conviction was regular and valid but the sentence was void.

Respondent contends the court erred in concluding the sentence was void. With that contention we agree. Although it is a better practice for the journal entry of judgment and sentence to recite the particular form of grand larceny committed under G. S. 1935, 21-533, we know of no statute or decision which renders the sentence void where the information clearly specifies the particular form of grand larceny with which a defendant is charged and the journal entry, as here, recites the statute under which the defendant was charged and convicted. If the journal entry of judgment had actually contained a shorter sentence than provided by the statute that fact would not have rendered the sentence void. (*Edwards v. Hudspeth,* 159 Kan. 37, 151 P. 2d 698.) The sentence would have have been subject to correction by the court which imposed it. If that court should fail to make the correction the supreme court has power to direct its correction and has frequently exercised the power. (*Edwards v. Hudspeth,* supra.) When an error in the process of sentencing occurs the state should act promptly and on its own initiative to have the error corrected in order that authorities in penal institutions may have the records under which they hold a person clarified.

Moreover the sentence of the petitioner, a minor, to the state reformatory was not void or even irregular by reason of not having prescribed a fixed minimum or maximum term. G. S. 1935, 76-2306 expressly prohibits the imposing of sentences for a fixed limit of duration for offences of male persons between the ages of sixteen and twenty-five who are confined in the state reformatory.

The district court of Leavenworth county ordered respondent to place petitioner in the custody of the sheriff of Sedgwick county and the sheriff was ordered to remand petitioner to the district court of Sedgwick county for further proceedings in harmony with the law. It also declared void petitioner's plea of guilty in the district court of Reno county, directed such plea of guilty be set aside and ordered the sheriff of Sedgwick county to place petitioner in the custody of the sheriff of Reno county. It also ordered the latter to remand petitioner to the district court of Reno couny for further proceedings.

Appellant contends the function of the district court of Leavenworth county was to determine whether petitioner was unlawfully restrained of his liberty by respondent but that it had no jurisdiction over the district court of Sedgwick or Reno county and no power to direct such courts to set aside their judgments or to alter a sentence imposed by them.

The contention must be sustained. In the first place the proper statutory sentence for larceny of an automobile has not expired. Both parties concede the trial court was correct in concluding petitioner was not presently entitled to his freedom. That ended the purpose and function of the petition for a writ. Until the sentence for larceny of the automobile has expired we shall not determine whether petitioner may be later held by respondent pursuant to the judgment and sentence of the district court of Reno county.

The sheriffs of Sedgwick and Reno counties were not parties to the instant action in the district court of Leavenworth county. That court acquired no jurisdiction over them and its orders pertaining to them are nullities.

The district court of Leavenworth county had no jurisdiction over the district courts of Sedgwick or Reno counties or over the judges thereof and its orders directing what they should do are likewise invalid. As bearing on this general subject see *State v. Start*, 62 Kan. 111, 61 Pac. 394, and *In re Jewett*, 69 Kan. 830, 77 Pac. 567.

If appellee, in addition to his petition for release from custody of the respondent, desired to obtain an order vacating and setting aside the judgments, sentences or any part thereof, rendered by the district courts of Sedgwick or Reno counties he should have in-

voked the jurisdiction of the supreme court which alone has authority to make such orders.

The judgment of the district court of Leavenworth county denying petitioner his release from custody is affirmed. Its orders pertaining to the sheriffs of Sedgwick and Reno counties and the district courts of such counties are reversed with directions to set them aside.