No. 40,746

TONY RICHARDSON, *Petitioner,* v. TRACY HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent.*

(320 P. 2d 837)

Opinion filed January 25, 1958.

*Tony Richardson, pro se.*

*Charles N. Henson, Jr.,* assistant attorney general, argued the cause and *John Anderson, Jr.,* attorney general, was with him on the brief for the respondent.

The opinion of the court was delivered by

HALL, J.: This is an original proceeding for a Writ of Habeas Corpus.

On January 22, 1957, the judge of the Probate Court of Leavenworth County, Kansas, entered an order granting a Writ of Habeas Corpus. The respondent made due return to this writ. On February 13, 1957, an order was entered in the probate court dissolving the writ and remanding petitioner to the custody of respondent. On March 5, 1957, the petitioner attempted to file an appeal in this court directly from the order of the Leavenworth County Probate Court. This court on March 27, 1957, ordered the matter be treated as an original proceeding.

The petitioner in his application claims he is being denied his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 10 of the state constitution, in the following particulars:

On the 11th day of December, 1953, in the district court of Montgomery County, Kansas, the petitioner entered pleas of guilty to a charge of burglary in the 2nd degree under G. S. 1949, 21-520 and to the charge of grand larceny in connection with burglary under G. S. 1949, 21-524.

The journal entry recites that the county attorney served written notice of intention to ask for increased sentence under the Habitual Criminal Act if a conviction were obtained upon the petitioner.

After the pleas of guilty were made and accepted by the court, sentence was deferred until the 18th day of December, 1953. On that day and before the court pronounced sentence the county attorney stated his request to invoke the Habitual Criminal Act and requested permission to offer evidence in support thereof. No objection was made and evidence of the prior conviction was introduced.

The court sentenced the petitioner to serve a period of not less than five (5) nor more than twenty (20) years on the crime of burglary in the 2nd degree. The journal entry recited:

"It Is, Therefore, by the Court Considered, Ordered, Adjudged and Decreed, That the defendant, Tony Richardson, be and he is hereby sentenced to serve a period *of not less than five (5) nor more than twenty (20) years* in the Kansas State Penitentiary at Lansing, Kansas, upon conviction of the crime of burglary in the Second Degree under sections 12-520 [21-520] and 21-523 G. S. Kansas, 1949, *and said sentence being increased under the provisions of section 21-107a G. S. Kansas, 1949;* . . ." (Emphasis ours.)

The court also sentenced the petitioner to not less than ten (10) years on the crime of grand larceny in connection with the burglary. The journal entry also recited that this sentence was increased under the provisions of G. S. 1949, 21-107a.

The petitioner was remanded to the custody of the sheriff to be confined in the Kansas State Penitentiary.

On the 29th day of December, 1953, while the petitioner was still in the county jail and in the custody of the sheriff it was discovered that an error had been made in pronouncing sentence upon the petitioner. As noted in the journal entry above the sentence of the court under the Habitual Criminal Act was correct for the crime of larceny but not so for the crime of burglary. The court had sentenced the petitioner on the crime of burglary for a period not less than five (5) nor more than twenty (20) years. Under the Habitual Criminal Act sentence should have been not less than ten (10) nor more than twenty (20) years.

The journal entry thereafter recites that on the 29th day of December, 1953, the court resentenced the petitioner on the charge of burglary by changing the sentence to not less than ten (10) years and not more than twenty (20) years as provided by the provisions of G. S. 1949, 21-107a.

The petitioner was in court and made no objection to the order of the court.

In his brief petitioner contends that he was denied his constitutional rights by the court in this change of sentence for the crime of burglary. He relies primarily on the case of *Parks v. Amrine*, 154 Kan. 168, 117 P. 2d 586, where the court held:

"When a valid judgment and sentence has been rendered in a criminal case the court has no authority after the sentence imposed has been served, in whole or in part, to set it aside and hear additional evidence and impose a new sentence, even though this be done at the same term of court." (Syl. 2.)

He also cites: *Hollon v. Hopkins*, 21 Kan. 459 [2nd Ed.]; *The State v. Hughes*, 35 Kan. 626, 12 Pac. 28, 57 A. R. 195; *In re Strickler, Petitioner*, 51 Kan. 700, 33 Pac. 620; *Jackson v. The State*, 52 Kan. 249, 34 Pac. 744; *In re Beck*, 63 Kan. 57, 64 Pac. 971; *In re Rex*, 70 Kan. 221, 78 Pac. 404; *The State v. Meyer*, 86 Kan. 793, 122 Pac. 101, 40 L. R. A. n. s. 90, Ann. Cas. 1913C 278; *The State v. McBee*, 10 Kan. App. 450, 61 Pac. 1093.

The authorities of the petitioner have been carefully examined. They are not applicable to the facts of his case.

As he contends, the rule is well settled in this state that when a valid judgment and sentence has been rendered in a criminal case the court has no jurisdiction after the sentence has been executed, in whole or in part, to set it aside and impose a new sentence, even though the sentence be reduced and the court acts within the term. (*Parks v. Amrine*, supra; *State v. Carte*, 157 Kan. 139, 138 P. 2d 429; *State v. Nichols*, 167 Kan. 565, 207 P. 2d 469; *State v. Looney*, 181 Kan. 402, 312 P. 2d 212.)

In this respect Kansas follows the weight of authority among the states. (15 Am. Jur., Criminal Law, §§ 473, 474, 475, 476; 24 C. J. S. Criminal Law §§ 1588, 1589; 168 A. L. R. 706.)

However, this rule applies only to valid judgments. It is also the rule of law that a sentence if void may be changed to a valid sentence. (15 Am. Jur., Criminal Law, § 477; 168 A. L. R. 706; *State v. O'Keith*, 136 Kan. 283, 15 P. 2d 443; *Layman v. Hudspeth*, 162 Kan. 445, 176 P. 2d 527; *State v. Looney*, supra.)

In some jurisdictions a distinction is made between the correction of a void sentence and the correction of a sentence that is merely erroneous or irregular. In these jurisdictions an erroneous or irregular sentence is not considered void and comes within the appli-

cation of the general rule that a valid sentence may not be changed. (*Simmons v. United States,* 89 F. 2d 591 [writ of certiorari denied in (1937) 302 U. S. 700, 82 L. Ed. 540, 58 S. Ct. 19]; *People v. Conley,* 27 Cal. App. 362, 150 Pac. 412; *Hickman v. Fenton,* 120 Neb. 66, 231 N. W. 510, 70 A. L. R. 819; *Matter of Lyons v. Robinson,* 293 N. Y. 191, 56 N. E. 2d 546; *State v. Ryan,* 146 Wash. 114, 261 Pac. 775.)

Kansas has never made this distinction and has always considered an erroneous or irregular sentence the same as a void sentence and thus within the power of the court to substitute a new and valid sentence. (*The State v. Tyree,* 70 Kan. 203, 78 Pac. 525; *The State v. Demming,* 79 Kan. 526, 100 Pac. 285; *State v. Woodbury,* 132 Kan. 22, 294 Pac. 928; *Davis v. Hudspeth,* 161 Kan. 354, 167 P. 2d 293; *Edwards v. Hudspeth,* 159 Kan. 37, 151 P. 2d 698; *Patterson v. Hudspeth,* 170 Kan. 30, 223 P. 2d 974.)

Under our cases this court may remand a prisoner for further proceedings in the district court to correct a void or erroneous sentence and such authority is not limited to appeals. It can also be made properly in habeas corpus proceedings. (*McCleary v. Hudspeth,* 124 F. 2d 445; *Levine v. Hudspeth,* 127 F. 2d 982.)

The correction of an erroneous and irregular sentence should also be distinguished from the correction of merely formal or clerical errors, omissions or mistakes in entries concerning matters of procedure which are generally corrected in all jurisdictions by *nunc pro tunc* orders. (15 Am. Jur., Criminal Law, § 478; *In re Black, Petitioner,* 52 Kan. 64, 34 Pac. 414.)

The facts of the petitioner's case are very similar to those in *Edwards v. Hudspeth,* supra, where the court ordered the correction of an erroneous and irregular sentence. In the Edwards case the petitioner pleaded guilty to grand larceny of an automobile and was sentenced from one (1) to five (5) years. After he was sent to the penitentiary it was discovered that the sentence in the journal entry was erroneous and that since the petitioner had stolen an automobile he should have been sentenced from not less than five (5) years nor more than fifteen (15) years. The court said:

". . . The sentence pronounced was invalid. Petitioner should have been sentenced to be confined for a term of not less than five nor more than fifteen years, as provided by G. S. 1935, 21-534. Under such circumstances the correct procedure is for the accused to be brought before the trial court for a proper sentence. We have made orders to that effect in the past where it appeared that the sentence imposed was not the correct one. (See *State v.*

*Woodbury,* 132 Kan. 22, 294 Pac. 928; also *State v. Perkins,* 156 Kan. 323, 133 P. 2d 160.)" (p. 39.)

The sentence here was erroneous and invalid. The district court of Montgomery County acted within its authority in changing it to comply with the provisions of the Habitual Criminal Act, G. S. 1949, 21-107a. In so doing the court did not deny the petitioner any of his rights under the United States Constitution or the Consitution and Laws of Kansas.

The writ is denied.