*In re* Jackson.

No. 22,964.

*In re* CHAUNCEY JACKSON, *Petitioner*.

SYLLABUS BY THE COURT

HABEAS CORPUS—*Sentence Imprisonment—Execution Delayed—Result of Abortive Pleas of Petitioner—Writ Denied.* Delays in the execution of a judgment imposing a term of imprisonment on a defendant in a criminal case, which were caused by an abortive parole, an abortive appeal, a stay of proceedings, and an application to a district judge for a parole, for all of which the defendant was himself responsible, do not relieve the defendant from the judgment; and the expiration of the time when he would have been entitled to his release from jail if he had been promptly incarcerated and continuously kept in jail on and from the date when he was sentenced is not an execution of the sentence and judgment; and ordinarily he will not be entitled to release on *habeas corpus* so long as any portion of his term in jail has not been duly served.

Original proceeding in *habeas corpus*. Opinion filed June 5, 1920. Writ denied.

*Elisha Scott,* of Topeka, for the petitioner.

*Hugh T. Fisher,* county attorney, and *Paul H. Edgar,* assistant county attorney, for the respondent.

The opinion of the court was delivered by

DAWSON, J.: This is an application for a writ of *habeas corpus*.

The petitioner was prosecuted in the court of Topeka for a public offense. He pleaded guilty, and on January 9, 1920, he was sentenced to the county jail for ninety days. At the same time he applied to the judge of the court of Topeka for a parole. A parole was granted. Within a few days the attorney-general notified the judge of the court of Topeka— a court of limited jurisdiction—that he had no judicial power to grant paroles, and so the petitioner was again taken into custody on January 17, 1920. Thereupon the petitioner applied to the district judge of Shawnee county (first division) for a parole. This was heard in part and continued for further evidence, but a stay of proceedings was granted; and on January 20, the petitioner appealed to the district court from the judgment pronounced against him by the court of Topeka on

January 9. On February 14, the district judge denied the petitioner's application for a parole.; and on March 13, his appeal from the judgment of the city court was dismissed on motion of the state because the appeal was taken too late, and a mandate of the district court was issued directing that the judgment of the court of Topeka be executed. Pursuant thereto, the petitioner was incarcerated in the Shawnee county jail until April 26, when he applied to this court for a writ of *habeas corpus*. Pending our determination of this application the petitioner has been at liberty on bond.

The gist of the petitioner's claim of right to release on *habeas corpus* is because the commitment was void:

"That it was not issued until a long time after said judgment had fully expired; and that said Justice of the Peace had no right or authority to issue said commitment or warrant at the time; in that, it has long since expired and is void on its face and is without any authority, in that said respondent has no legal authority therein for confining your petitioner in the county jail of Shawnee county."

While the above chronicle shows the divers and sundry maneuvers made by this petitioner to avoid the judgment and consequences of his crime, it plainly shows that he has not yet served the adjudged term of ninety days in jail. Petitioner invokes the old rule that one who has been sentenced to a term of imprisonment is entitled to his discharge at the time when that term would have ended if he had been promptly incarcerated when sentenced. That rule, although a debatable one and one given more significance in olden times than now, covers cases of official neglect and indifference, irregularities for which the defendant has been in no way responsible, where the delay in incarcerating the defendant has been unreasonable; and where judgment has been pronounced upon an arrangement that the sentence of imprisonment was only a formality and that it would probably not be executed at all. In such a case, if the defendant is permitted to go at large until long afterwards, *habeas corpus* may be invoked. (*In re Krig*, 105 Kan. 695, 185 Pac. 1044.) But here there was no considerable delay; the postponement of the petitioner's imprisonment was caused by the abortive parole, the abortive appeal, the stay of proceedings, and the application to the district judge for a parole. For all of these

maneuvers to avoid or delay his incarceration the petitioner was responsible; and after all these proceedings were ended the time thereby consumed was only from January 9 to March 13, a little over two months. Even the old rule for which the petitioner contends would not cover this situation.

The court is of opinion that the petitioner's case comes within the general principle laid down in *The State, ex rel., v. Piper*, 103 Kan. 794, 176 Pac. 626, in which it was held that where a delay in executing a sentence of imprisonment, although unusual, was not unreasonable under the circumstances, the judgment of imprisonment was not satisfied until it had been fully executed, and that the essential portion of the sentence in a criminal case is the punishment, including the *kind* of punishment and the *amount* thereof, and that the "expiration of time without imprisonment is in no sense an execution of the sentence."

(See, also, *Ex Parte Eldridge*, 3 Okla. Crim. Rep. 499, 106 Pac. 980, 27 L. R. A., n. s., 625; 16 C. J. 1335, 1336.)

The petitioner's discharge is denied, and he is remanded to the custody of the sheriff to serve the unexecuted portion of the ninety days' term of imprisonment which was imposed on him by the court of Topeka.