---

## Ex Parte DUNN.

### (208 N. W. 224.)

(File No. 6178.   Opinion filed April 5, 1926.)

1.  Criminal Law—Sentence—Verdict—Statute Requiring that Time Appointed for Pronouncing Judgment Be at Least Two Days After Verdict Does Not Require that It Be Pronounced During Same Term (Rev. Code 1919, Sec. 4948).

    Rev. Code 1919, Sec. 4948, requiring that time appointed for pronouncing judgment be at least two days after verdict, if court intends to remain in session so long, or, if not, at as remote a time as can reasonably be allowed, does not require that it be pronounced during term at which verdict or plea is entered, but fixes minimum, not maximum, limit.

2.  Criminal Law—Paroles—Suspended Sentence.

    Trial court's discretion in suspending sentences and paroling defendants under Rev. Code 1919, Secs. 4968, 4969, as amended by Laws 1923, c. 153, is limited and reviewable, in view of Section 4971.

3.  Criminal Law—Pardons—Trial Court Did Not Lose Jurisdiction by Indefinitely Postponing Sentence After Plea of Guilty with Intent Never to Pronounce Judgment, if Defendant Repaid Embezzled Funds, Though Allowing Use of Court's Powers in Criminal Action to Enforce Collection and Infringing on Executive's Pardoning Power (Const., Art. 4, Sec. 5).

    Trial court did not lose jurisdiction of defendant by indefinitely postponing sentence after plea of guilty, with intent of never pronouncing judgment, if defendant repaid embezzled funds, though he erred in allowing use of court's powers in criminal action to enforce collection and infringed on executive's pardoning power, under Const., Art. 4, Sec. 5.

**4. Habeas Corpus.**

Habeas corpus goes only to question of jurisdiction of applicant.

**5. Criminal Law—Mandamus.**

Error of trial court in not doing things required, or acting in excess of powers conferred by law, may be controlled or corrected by mandamus or certiorari.

**6. Criminal Law—Courts.**

Where conviction is valid, trial court's power is exhausted only by pronouncing valid judgment.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 977(8), 16 C. J. Sec. 3022; (2) Criminal law, Key-No. 1147, 16 C. J. Sec. 3043, 17 C..J. Sec. 3591 (Anno.); (3) Criminal law, Key-No. 102, 16 C. J. Sec. 251; (4) Habeas corpus, Key-No. 92(1), 29 C. J. Sec. 20; (5) Criminal law, Key-No. 1011, 17 C. J. Sec. 3267, Mandamus, Key-No. 61, 38 C. J. Sec. 89; (6) Criminal law, Key-No. 977(1), 16 C..J. Sec. 3048.

On power of courts to suspend sentence or stay execution of sentence, see notes in 33 L. R. A. (N. S.) 112; 39 L. R. A. (N. S.) 242.

Application by R. S. Dunn for a writ of habeas corpus to discharge him from the custody of the sheriff of Minnehaha county. Application denied, and applicant remanded to sheriff's custody.

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for Respondent.

MORIARTY, C. R. S. Dunn applies to this court for a writ of habeas corpus to discharge him from the custody of the sheriff of Minnehaha county.

In the circuit court of Minnehaha county, on July 1, 1924, the applicant entered a plea of guilty to an information charging him with having embezzled $203 of funds belonging to John Morrell & Company. After accepting the plea, the judge of said circuit court stated to the record that the time for pronouncing sentence would be fixed later.

It appears that no formal order postponing the time for pronouncing sentence was ever made; nor do the minutes of the court show any further reference to the case until December 18, 1925, when the said court issued a bench warrant directing that the

applicant be brought before it for sentence. After certain appearances before that court, at each of which applicant's counsel objected to the fixing of a time for sentence, and to the pronouncing of sentence, the circuit court sentenced the applicant to one year's imprisonment in the penitentiary.

Applicant's objection to fixing of time for sentence, and to the pronouncing of sentence, was upon the ground that, by postponing the pronouncing of sentence for an unreasonable and indefinite time, the circuit court lost jurisdiction to sentence the applicant upon his plea, and that the sentence under which the applicant is held in custody is void for want of jurisdiction.

[1] In the first place, appellant's counsel contend that section 4948, R. C., by providing that the time appointed for pronouncing judgment "must be at least two days after the verdict, if the court intends to remain in session so long; or, if not, at as remote a time as can reasonably be allowed," shows it to be the intent of the law that judgment should be pronounced during the term at which the verdict or plea is entered.

We cannot agree with this contention. The provisions cited are intended to fix the minimum, and not the maximum, limit for the pronouncing of judgment. They are intended to prevent hasty and ill considered judgments, and to give defendants time for such further proceedings as they may deem necessary to protect their rights. The identical statute has been so construed, and applicant's contention rejected by the California court. People v. Felix, 45 Cal. 163.

[2] Applicant's further contention is that by an indefinite postponement of sentence the court loses jurisdiction over the defendant, and has no jurisdiction to enter judgment. On this question there is considerable conflict of authority, and applicant's counsel cite authorities so holding. Some of these decisions are from states having no statutes giving courts the power to suspend sentences. Others are cases in which the question is the converse of that involved in the instant case; that is, cases in which the trial courts are sought to be required to proceed with the enforcing or pronouncing of judgment, as in State ex rel Callahan v. Hughes, 202 N. W. 285, 48 S. D. 95; State ex rel Payne v. Anderson, 181 N. W. 839, 43 S. D. 631.

But in this state we have statutory provisions which purport, at least, to give courts the power to suspend sentences during good behavior, and in some cases to parole defendants. Sections 4968 and 4969 of the Revised Code, now amended by chapter 153, Laws of 1923, purport to give these powers. But in State ex rel Payne v. Anderson, supra, this court held that, if construed as giving the power to suspend the execution of sentences after judgments have been entered, such application of the statute would render it unconstitutional as infringing upon the pardoning power vested in the Governor by section 5, article 4, of the Constitution. And the court reiterated this rule in State ex rel Horner v. Taylor, 196 N. W. 494, 47 S. D. 124. The effect of the statutes, if applied to the indefinite postponement of the pronouncing of sentence, was not passed upon in that case, and has never been passed upon by this court.

The showings made in the instant proceeding are to the effect that the trial court was induced to postpone the pronouncing of judgment by the fact that the applicant herein had entered into a written agreement with the state's attorney of Minnehaha county, wherein the applicant agreed, among other things, to repay to John Morrell & Co. "the moneys embezzled by him," at the rate of $50.00 per month. Applicant contends that this meant the repayment by him of the $203 which he was charged with embezzling, while the state's attorney contends that it was meant to include additional funds, amounting in the aggregate to about $1,600. The trial court seems to have adopted the latter view. It does not appear that this writing was ever made a part of the court record, but it is conceded by both parties that it was before the judge when he postponed the pronouncing of sentence, and, at the time when he did finally pronounce judgment, said judge made a statement to the record wherein he gave applicant's failure to make restitution of some $1,600 as one of his reasons for overruling the objections to pronouncing of sentence.

The above-mentioned written agreement, as shown by the sheriff's return to the writ, contains, as its final provision, the following:

"And in the event that the defendant shall violate any one of said conditions he shall be immediately taken into custody by the

sheriff of Minnehaha county, and taken before the judge of the circuit court of Minnehaha county, South Dakota, for sentence."

Not only does this provision strongly support the inference that it was the intent of the court that the defendant should never be brought before it for sentence, if he complied with the terms of the agreement, but it makes certain the fact that the criminal arm of the court was being used for the purpose of making a collection.

For many years the courts have consistently condemned the practice of holding in terrorem defendants charged with crime, for the purpose of forcing them to make payments. In addition to this section 4971, R. C., says:

"The provisions of the three preceding sections shall be employed only in the furtherance of justice."

The three sections referred to are those giving courts the power to suspend sentences and to parole.

It will thus be seen that the discretion of trial courts in such matters is limited and subject to review, in proper proceedings for that purpose.

[3, 4] It is apparent that the circuit court was in error in allowing its powers to be used, in a criminal action, for the enforcing of a collection from a defendant. It also exceeded its authority, and infringed upon the pardoning power of the executive department in suspending the pronouncing of judgment, with the evident intent of never pronouncing such judgment in case the defendant complied with certain agreements, including the payment of money.

But what is the effect of such errors upon the issues now before this court? Habeas corpus goes to the question of jurisdiction and to that question only. Did the erroneous acts of the circuit court of Minnehaha county cause it to lose its jurisdiction over the applicant? That is the ultimate question in this proceeding. If jurisdiction was lost ,it is because the court sought to exercise pardoning power by an unreasonable and unauthorized postponement of the fixing of time for pronouncing of sentence and of the pronouncing of sentence.

There are respectable authorities holding that jurisdiction is lost by such procedure, but the weakness of that view seems ap-

parent. It amounts to saying that the court may not infringe upon the prerogative of the Governor by attempting to pardon one convicted of crime, but ,if a court postpones pronouncing of judgment in such manner as to be equivalent to a pardon, the court loses jurisdiction to sentence, and the defendant must go free; thus allowing the court to accomplish by mere error what it is denied the power to do by direct act.

[5. 6] The view of this court is that any error of a trial court in failing to do the things required by law, or any act of such court in excess of the powers conferred upon it by law, may be controlled or corrected by appropriate proceedings in mandamus or certiorari. But to hold that jurisdiction over one convicted of crime is lost by such errors would result in freeing a convicted criminal, and giving rise to wrong for which there would be no remedy. This view naturally leads to the adoption of the rule established by the line of decisions of which In re Bonner, 14 S. Ct. 323, 151 U. S. 242, 38 L. ed. 149, cited with approval by this court in State v. Schaller, 49 S. D. 398, 207 N. W. 161, is representative.

This rule, succinctly stated, is that, where the conviction is valid, the power of the trial court is exhausted only by the pronouncing of a valid judgment. In re Bonner, 14 S. Ct. 323, 151 U. S. 242, 38 L. ed. 149; 29 C. J. 57; State ex rel Petcoff v. Reed, 163 N. W. 984, 138 Minn. 465; In re Taylor, 64 N. W. 253, 7 S. D. 382, 45 L. R. A. 136, 58 Am. St. Rep. 843; Neal v. State, 30 S. E. 858, 104 Ga. 509, 42 L. R. A. 190, 69 Am. St. Rep. 175; Ex parte Jackson, 190 P. 608, 107 Kan. 167; Ex parte Mitchell, 126 P. 856, 19 Cal. App. 567; State v. Tyree, 78 . 525, 70 Kan. 203, 3 Ann. Cas. 1020; Fuller v. State, 57 So. 806, 100 Miss. 811, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98; Ledgerwood v. State, 33 N. E. 631, 134 Ind. 81; Cook v. Jenkins, 92 S. E. 212, 146 Ga. 704; Gehrman v. Osborne, 82 A. 425, 79 N. J. Eq. 430.

Among these cases will be found decisions upon all possible questions arising in the instant proceeding; that is, there are cases dealing with suspension of the execution of sentence after judgment pronounced, those dealing with postponement of pronouncing of judgment, or sentence, those in states where it is held that courts have the right to suspend, and those where it is held that

the attempt was unauthorized and wholly void, but all concurring in holding that, where indictment and conviction are valid, the court does not lose jurisdiction to pronounce judgment, and that in such cases the power of the court is not exhausted until a valid judgment or sentence is pronounced.

In accordance with this rule, the application for discharge herein is denied, and the applicant remanded to the custody of the sheriff.

However, inasmuch as the trial court wrongfully permitted the machinery of the criminal law to be used for the enforcement of a civil obligation, and it seems probable that the defendant was induced to enter the plea of guilty by the prospect of. immunity held out to him by the agreement, we suggest that, in case defendant requests it, the trial court shall set aside its judgment and permit the defendant to withdraw his plea of guilty and enter a plea of not guilty.

This suggestion is particularly pertinent in view of the fact that the defendant has largely repaid the amount which he was charged with embezzling, while the trial court indicated that sentence was being pronounced because he had not repaid $1,600.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.