No. 39,509

EDWARD LOUIS PIPPIN, *Appellant,* v. C. A. EDMONDSON, Warden, Kansas State Penitentiary, *Appellee.*

(276 P. 2d 315)

Opinion filed November 13, 1954.

No appearance was made for the appellant.

*Harold R. Fatzer,* Attorney General, and *Thomas M. Evans,* Assistant Attorney General, were on the brief for appellee.

The opinion of the court was delivered by

THIELE, J.: Edward Louis Pippin filed his petition in the district court of Leavenworth county applying for a writ of habeas corpus

and after a hearing the application was denied and he has appealed to this court.

In a summary way it may be said appellant's contentions as set forth in his petition for the writ are that on August 17, 1950, he was sentenced to the state penitentiary by the judgment of the district court of Sedgwick county; that at that time he was advised by his counsel and by an acting county attorney his sentence would be for a period of five years; that that court sentenced him to imprisonment for five years; that at the penitentiary he was recorded as being sentenced for ten years; that the Sedgwick county district court records show he was sentenced for a term of five years and with good time allowances he had served that sentence and was entitled to his release.

On the hearing in the Leavenworth district court the facts later stated were shown or conceded and that court denied the writ and appeal to this court followed.

The records of the district court of Sedgwick county show that an information was filed against the appellant charging him in substance with feloniously entering a described dwelling while there was no human being present in the dwelling house and stealing and carrying away personal property of another. A notation on the information read "Section 21-515, 1935 G. S. K." On August 17, 1950, a trial was had. The journal entry of judgment shows that appellant appeared in person and by an attorney, waived formal reading of the information and entered a plea of guilty to burglary in the nighttime and grand larceny, contrary to G. S. 1949, 21-515; that appellant stated he had no legal cause to show why he should not be sentenced and the trial court sentenced him to the state penitentiary "there to be confined for a period of not less than five (5) years, according to law and subject to the provisions of law, all in conformity with Section 21-523 of the 1935 General Statutes of Kansas." In view of the charge in the information and the plea of guilty thereto, it would appear that some attention should have been given to G. S. 1949, 21-524, but it was not. But due to the lapse of time since the plea of guilty was entered, we are of the opinion that it should not now be invoked.

An examination of our statutes with reference to crimes and punishments will disclose that to constitute burglary in the first degree, at the time of breaking and entry in the nighttime there shall be in the dwelling house entered some human being (G. S. 1949,

21-513) and that every person who enters into a dwelling in the nighttime with intent to commit a felony under such circumstances as shall not constitute the offense of burglary in the first degree, shall be deemed guilty of burglary in the second degree (G. S. 1949, 21-515) and on conviction shall be punished by confinement and hard labor not less than five nor more than ten years (G. S. 1949, 21-523). There is no contention but that appellant was charged with burglary in the second degree.

The journal entry of judgment shows that appellant pleaded guilty to burglary in the second degree, but that the period of confinement was not properly set forth in the journal entry of judgment, although it may be conceded that had the words "for a period of not less than five (5) years" been omitted, the remainder might have been legally sufficient. However, the record ought not to be left in such a state of equivocation that either the appellant or the respondent may be uncertain or have contention as to the duration of time appellant must serve.

Appellant has not made it appear that he is entitled to his liberty at this time. The record discloses clearly that he entered a plea of guilty to burglary in the second degree but that the journal entry showing duration of his sentence is ambiguous. It is directed that the attorney general follow the general course of procedure outlined in *Wilson v. Hudspeth*, 165 Kan. 666, 669, 198 P. 2d 165, and cause a proper record to be made, and when that has been done, the application for the writ will be denied.

It is so ordered.