No. 39,852

BILL PYLE, *Appellant*, v. C. A. EDMONDSON, Warden, Kansas State Penitentiary, and the State of Kansas, et al., *Appellees*.

(290 P. 2d 100)

Opinion filed November 12, 1955.

*Bill Pyle pro se.*

*Harold R. Fatzer,* attorney general, and *James L. Galle,* assistant attorney general, were on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from a judgment of the trial court denying appellant's petition for a writ of habeas corpus.

It is appellant's contention that he has not been given proper time credit on his sentence while incarcerated in the state penitentiary and, by reason thereof, his constitutional rights have been violated.

The record discloses that appellant was first received at the state penitentiary from Sedgwick County on August 12, 1936, to serve a term of from two to twenty years for the crime of forgery in the second degree. He was subsequently paroled on May 10, 1938, and returned to the penitentiary as a parole violator on October 24, 1940. He was reinstated on parole, February 1, 1941, and again became delinquent on July 12, 1942. On January 27, 1943, he was again paroled.

On October 17, 1946, while on parole, petitioner again committed two separate felonies in Sedgwick County, and on November 10, 1947, he entered a plea of guilty to the charge 'of forgery in the second degree, contrary to G. S. 1935, 21-608, and of uttering the forged instrument, contrary to G. S. 1935, 21-609. Prior to imposing sentence for these two offenses, the trial court made a finding from evidence introduced that petitioner had been convicted of a felony

on three previous occasions, and sentenced petitioner for each of the two aforementioned offenses, under the Habitual Criminal Act, G. S. 1945 Supp., 21-107a, to be confined at hard labor in the state penitentiary for a term of fifteen years, the two sentences to run concurrently.

When the petitioner was received at the state penitentiary under the commitment issued in the mentioned case, he was compelled to serve the balance of the previous sentence from which he had been on parole, before commencing to serve his time on the Sedgwick County sentence of November 10, 1947.

Petitioner contends he should not be compelled to serve the balance of the sentence from which the parole was revoked before entering on the subsequent sentence imposed. There is no merit to this contention. G. S. 1949, 62-1528, provides:

"If any prisoner shall violate the conditions of his parole or release as fixed by the prison board, he shall be declared a delinquent, and shall thereafter be treated as an escaped prisoner owing service to the state, and shall be liable, when arrested, to serve out the unexpired term of his maximum possible imprisonment, and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any portion or part of time served; *and any prisoner at large upon parole or conditional release, who shall commit a fresh crime, and upon conviction thereof shall be sentenced anew to the penitentiary, shall be subject to serve the second sentence after the first sentence is served or annulled, said second sentence to commence from the termination of his liability upon the first or former sentence."* (Our italics.)

There is no doubt that under the mentioned statute and all of our decisions, when a prisoner, at large on parole or conditional release, commits a fresh crime, he shall, upon conviction thereof and sentence thereunder to the state penitentiary, be subject to serve such second sentence after the first sentence is served or annulled, and that such second sentence is to commence at the termination of his liability upon the first or former sentence. (*Young v. Edmondson,* 177 Kan. 582, 280 P. 2d 571; *Fitch v. Edmondson,* 177 Kan. 253, 277 P. 2d 627; *Craven v. Hudspeth,* 172 Kan. 731, 733, 242 P. 2d 823; *Wears v. Hudspeth,* 167 Kan. 191, 205 P. 2d 1118.)

It is established by the record that petitioner had not served the sentences imposed upon him at the time his petition was presented to the trial court, and he failed to present any facts to the trial court to justify the issuance of a writ.

The judgment of the trial court must, therefore, be affirmed.