No. 41,766

BILL CHAMBERS, *Petitioner*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent*.

(350 P. 2d 50)

Opinion filed March 5, 1960.

*Bill Chambers, pro se.*

*J. Richard Foth,* Assistant Attorney General, of Topeka, argued the cause, and *John Anderson, Jr.,* Attorney General, of Topeka, was with him on the briefs for respondent.

The opinion of the court was delivered by

FATZER, J.: This is an original proceeding for a writ of habeas corpus.

Petitioner is presently confined in the Kansas State Penitentiary pursuant to a judgment of the district court of Hodgeman County, Kansas, entered June 3, 1952, wherein he was sentenced for a term of not more than ten years upon a conviction of second degree forgery.

On June 6, 1952, petitioner was received at the penitentiary, and was paroled therefrom on September 1, 1953. As a condition of his parole, petitioner signed a parole contract which contained ten rules governing his conduct while at large on parole, one of which required that on the first day of each month he make a report by mail

to the record clerk of the penitentiary giving his occupation, location, and name and address of his employer. That part of the parole contract here pertinent reads:

"The violation of any of the above rules or the violation of the Law in any way may constitute the violation of the Parolee's Parole Contract and the Parolee may be declared delinquent and treated as an escaped prisoner owing time to the State and at such time as he may be returned to the Institution, he may be subject to serve the remainder of his possible maximum term *and no part of the time which may elapse from the date of his delinquency and the date of his return to the Institution shall apply to his maximum term.*" (Emphasis supplied.)

The parole contract was carefully read by petitioner and he voluntarily signed the same and accepted its conditions.

On June 30, 1955, petitioner became delinquent by reason of failing to make his monthly report to the prison official, thus violating the rules and regulations of his parole contract. On the same day, upon presentation of the petitioner's parole violation, the then board of administration adopted an order, the pertinent portion of which reads:

". . . it is by the Board order that the said No. 10951—Bill Chambers, be declared delinquent and that a Warden's warrant be issued for his arrest, the same as though the said delinquent was an escaped prisoner, and that he be returned to the Kansas State Penitentiary to serve out his unexpired term."

Pursuant to the order, the warden of the penitentiary issued a warrant for the arrest of the petitioner directed to any officer of the penitentiary or any sheriff or peace officer of the state of Kansas authorizing and directing them to arrest petitioner wherever found and return him to the penitentiary. The warrant noted that petitioner owed four years, eight months and four days time to the state to be served on his sentence.

Petitioner's whereabouts remained unknown until 1957 when the prison authorities discovered he was serving a one-year sentence in the Oklahoma State Penitentiary. Upon his release from that institution on July 12, 1958, petitioner was returned to the Kansas State Penitentiary.

On August 28, 1958, petitioner appeared before the board of probation and parole sitting at the Kansas State Penitentiary, which ordered petitioner's parole revoked for six months. At that hearing, however, that board took no formal action with respect to the three years and twelve days of "delinquent time" representing the period

between the date petitioner was declared delinquent in June, 1955, when his parole was revoked and a warrant issued for his arrest, and his return to the penitentiary in July, 1958.

Petitioner's contention and sole ground for release is that in the absence of affirmative action by the board of probation and parole denying him credit of the so-called "delinquent time" he is entitled to have that time counted as time served upon his sentence, and when given credit for such time, he has served the maximum time for a release from his sentence under current regulations of that board.

In view of the repeal of G. S. 1949, 62-1528 on July 1, 1957, as hereafter noted, the delinquent time at issue in this controversy may be divided into two parts: two years from the date of his delinquency—June 30, 1955, to July 1, 1957; and, one year and twelve days—July 1, 1957, until his return to the penitentiary on July 12, 1958. The respondent concedes that if petitioner is entitled to credit either for the first period, or for all his delinquent time, he is entitled to his release and a writ of habeas corpus should be granted. However, if he is not entitled to credit for any of the delinquent time, or only for the second period of one year and twelve days, he is not entitled to his release and a writ should be denied.

When petitioner was paroled September 1, 1953, and when he was declared delinquent by the board of administration on June 30, 1955, and the warden's warrant was issued for his arrest, G. S. 1949, 62-1528 was in force and effect, the pertinent portion of which reads:

"If any prisoner shall violate the conditions of his parole or release as fixed by the prison board, he shall be declared a delinquent, and shall thereafter be treated as an escaped prisoner owing service to the state, and shall be liable, when arrested, to serve out the unexpired term of his maximum possible imprisonment, and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any portion or part of time served. . . ."

As is noted, petitioner's parole contract contained provisions similar to those of the foregoing statute. Under that statute petitioner clearly could not have earned time upon his sentence during the first two years of his delinquency since he was treated as an escaped prisoner owing service to the state and was liable, when arrested, to serve out the unexpired term of his maximum possible imprisonment, and could not have been given credit for such time by the

board of probation and parole (*Bates v. Hudspeth,* 171 Kan. 219, 230 P. 2d. 1006).

The conclusion just announced could well end this opinion, however, in view of the contention made by the petitioner of a subsequent statute, further discussion is necessary.

Effective July 1, 1957, the legislature repealed G. S. 1949, 62-1528 and adopted a new system of post conviction procedures with respect to sentencing, probation, parole, pardon, conditional release and commutation of sentence of offenders, and created the State Board of Probation and Parole, the office of State Director of Probation and Parole, and prescribed the powers and duties of each (Ch. 331, Laws of 1957; G. S. 1957 Supp. Ch. 62, Art. 22).

The petitioner contends that since he was returned to the penitentiary on July 12, 1958, which was after the new act became effective on July 1, 1957, the status of the "delinquent time" depends upon the interpretation of the last paragraph of G. S. 1957 Supp. 62-2250 and the first sentence of G. S. 1957 Supp. 62-2252. The first provides:

"A prisoner for whose return a warrant has been issued by the director shall, if it is found that the warrant cannot be served, be deemed to be a fugitive from justice or to have fled from justice. If it shall appear that he has violated the provisions of his release, *the board shall determine whether the time from the issuing of the warrant to the date of his arrest, or any part of it, shall be counted as time served under the sentence.*" (Emphasis supplied.)

This language must be read in conjunction with the second cited statute which reads in part:

"The period served on parole or conditional release shall be deemed a service of the term of imprisonment, and, *subject to the provisions contained in section 25 (62-2250) herein relating to a prisoner who is a fugitive from or who has fled from justice,* the total time served may not exceed the maximum term or sentence." (Emphasis supplied.)

We are unable to agree with the petitioner's contention that, since the board of probation and parole at its hearing on August 28, 1958, made no finding he was *not* entitled to credit for the "delinquent time," he is entitled, as a matter of law, to credit of such time upon his sentence. When petitioner's parole was revoked and a warrant issued for his arrest on June 30, 1955, his status as a delinquent and as an escaped prisoner became fixed on the records at the penitentiary. By the terms of both the statute and his parole contract, petitioner was not entitled to any credit upon his sentence. Al-

though G. S. 1949, 62-1528 was repealed on July 1, 1957, that fact did not change his status as a delinquent owing service to the state. When the board of probation and parole came into existence after July 1, 1957, it had no further duty to perform with respect to the revocation of petitioner's parole. That had been done. Its duty thereafter was to cause the warrant for his arrest to be served and compel his return to the penitentiary to serve out the unexpired time of his maximum possible imprisonment under regulations then in effect. We think this conclusion is manifest since that part of G. S. 1957 Supp. 62-2252 here under discussion clearly provides that it has reference to a prisoner for whose return a warrant has been issued by the *Director of Probation and Parole.* That is not the situation presented.

Assuming, *arguendo,* that G. S. 1957 Supp. 62-2250 is here applicable, petitioner's contention is without merit. The failure of the board of probation and parole to take formal action with respect to the three years and twelve days of delinquent time cannot be deemed to be a credit of such time upon the petitioner's sentence since the statute contemplates that such a credit upon a prisoner's sentence may be allowed only by affirmative action of the board. In the absence of such affirmative action, it is presumed the board denied allowance of the delinquent time as time to be counted under the sentence.

We have carefully examined the record and find petitioner is not entitled to his release from the Kansas State Penitentiary and a writ of habeas corpus is denied.

It is so ordered.