No. 42,141

GERALD W. BLOUNT, *Appellant,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(357 P. 2d 859)

Opinion filed December 10, 1960.

*Gerald W. Blount,* appellant, was on the brief *pro se.*

*John Anderson, Jr.,* Attorney General, and *J. Richard Foth,* Assistant Attorney General, were on the motion to affirm.

*Per Curiam:* This is an appeal from an order of the district court of Leavenworth county denying a petition for a writ of habeas corpus.

On October 21, 1960, appellee's motion to waive rules Nos. 5, 6 and 7, of this court, relating to the filing of printed abstracts and briefs, was allowed.

It appears that on January 30, 1957, in the district court of Sedgwick county, appellant was convicted of an offense for which he was sentenced to the penitentiary for a term of not to exceed five years. Upon his arrival at that institution he was advised by the prison officials that he owed time on a prior sentence and commitment, and he was ordered to serve the unexpired portion of such previous sentence, and was not rebooked on the subsequent sentence until August 28, 1958.

In this proceeding appellant raises two questions—(1) when did the subsequent sentence commence to run, and (2) has such sentence expired?

The questions are answered by our statute, G. S. 1949, 62-1528, which provides that any prisoner at large upon parole or conditional release who shall commit a fresh crime and upon conviction thereof shall be sentenced anew to the penitentiary shall be subject to serve the second sentence after the first sentence is served or annulled, said second sentence to commence from the termination of his liability upon the first or former sentence—and decisions of this court found at *In re Graves,* 154 Kan. 407, syl. 2, 118 P. 2d 542, and *Wears v. Hudspeth,* 167 Kan. 191, syl. 2, 205 P. 2d 1188.

Appellant's contentions are without merit and his petition for a writ of habeas corpus was properly denied. The judgment is affirmed.