No. 42,345

DONALD L. WEY, *Appellee*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellant*.

(360 P. 2d 880)

Opinion filed April 8, 1961.

*J. Richard Foth*, assistant attorney general, argued the cause, and *William M. Ferguson*, attorney general, was with him on the briefs for the appellant.

*Donald L. Wey, pro se.*

The opinion of the court was delivered by

JACKSON, J.: The appellee-petitioner filed his petition for a writ of habeas corpus against the warden of the penitentiary in the district court and the district court, after making findings of fact which are not in dispute, allowed the writ as of October 3, 1960. The warden has appealed.

The findings of fact of the district court may be summarized briefly as follows:

Petitioner was convicted on his plea of guilty of burglary in the second degree and sentenced to a term of not less than five years nor more than ten years as provided by law in the district court of Linn county on December 18, 1952; that petitioner was confined in the penitentiary under said sentence until May 1, 1956, when he was paroled; that on July 11, 1957, petitioner was declared delinquent on parole and a parole violator's warrant was issued for his arrest; that petitioner was arrested at the request of the Kansas authorities as a parole violator by the Missouri authorities in Jackson county, Missouri on July 30, 1957; that the Missouri authorities on said day charged petitioner as a fugitive from justice from the

state of Kansas and, with the exception of one day when he was free on bond, kept him confined in the Jackson county jail from that time until January 28, 1958, at which time the proceedings were dismissed because no extradition warrant was ever received for his extradition to Kansas.

Later on petitioner was brought back from the state of Illinois and returned to the state penitentiary on July 8, 1959.

Petitioner claimed in the petition, and the district court so found, that he was entitled to credit for the time he was incarcerated in the Jackson county, Missouri jail from July 30, 1957 to January 28, 1958, and therefore would be entitled to his release from the penitentiary on October 3, 1960. The warden on the other hand contends that petitioner is not legally entitled to such credit and should have served time in the penitentiary until March 30, 1961.

The solution of the above question depends upon the provisions found in Laws 1957, Ch. 331, which appears in G. S. Supp. 1959, Ch. 62, art. 22. Section 62-2250 of the above statute reads in part as follows:

"Upon such arrest and detention, the parole or probation officer shall immediately notify the director and shall submit in writing a report showing in what manner the prisoner had violated the conditions of release. Thereupon, or upon an arrest by warrant as herein provided, the director shall cause the prisoner to be brought before the board for a hearing on the violation charged, under such rules and regulations as the board may adopt. If the violation is established, the board may continue or revoke the parole or conditional release, or enter such other order as it may see fit.

"A prisoner for whose return a warrant has been issued by the director shall, if it is found that the warrant cannot be served, be deemed to be a fugitive from justice or to have fled from justice. *If it shall appear that he has violated the provisions of his release, the board shall determine whether the time from the issuing of the warrant to the date of his arrest, or any part of it, shall be counted as time served under the sentence.*" (Italics supplied.)

Section 62-2252 of the same statute reads in part as follows:

"The period served on parole or conditional release shall be deemed service of the term of imprisonment, and, subject to the provisions contained in section 25 [62-2250] herein relating to a prisoner who is a fugitive from or has fled from justice, the total time served may not exceed the maximum term or sentence."

Petitioner makes no contention that the state board of probation and parole has made a finding that he should be granted credit for the time he was incarcerated in Missouri as described above. This being the case, it must be clear that no such order has been made.

We have held definitely that only by affirmative action may time in which the prisoner is a fugitive with a warrant issued for his arrest pending against him be credited to his account see *Chambers v. Hand,* 186 Kan. 380, p. 384, 350 P. 2d 50. But petitioner contends rather that he had been served with the warrant for his arrest, and was held under that warrant in the county jail in Missouri; that under such a situation the statute allows him credit for such incarceration.

The trouble with the above argument is that although the Missouri authorities may have had a copy of the warrant at the time of petitioner's arrest in Missouri, the warrant had no force in that state and he was arrested only by the authority of the state of Missouri. (*State v. Martin,* 89 Kan. 678, 131 Pac. 1190.) The petitioner remained a fugitive from justice in Kansas at all times. Various hypothetical propositions might be supposed if it be thought that the Missouri authorities were acting under the Kansas warrant, but we need not extend the opinion further.

The trial court expressed an opinion that the Kansas authorities were not diligent in obtaining petitioner's return to Kansas from Missouri. On the showing, we would agree but the statute gives only the board of probation and parole the power in its discretion to allow such time. This the board has failed to do. The district court erred in allowing the writ in this case, and the order must be reversed. It is hereby so ordered.