No. 42,247

E. J. STERBENZ, *Appellant,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(361 P. 2d 891)

Opinion filed May 13, 1961.

Appellant was on the briefs *pro se.*

*J. Richard Foth,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from a judgment of the trial court denying a writ of habeas corpus to defendant and remanding him to respondent's custody.

On December 1, 1955, the Reno county district court sentenced defendant (under G. S. 1949, 21-555) from one to five years in the state penitentiary for the commission of the crime of issuing a worthless check (G. S. 1949, 21-554) and on December 5, 1955, he was so confined.

On November 7, 1957, defendant was paroled from the state penitentiary; he was declared delinquent on March 10, 1958, and on April 1, 1958, was convicted and sentenced to the Texas state penitentiary for a felony he committed while on parole; he was released from the Texas state penitentiary on August 29, 1959, and on August 30, 1959, was returned to the Kansas state penitentiary. Since defendant had been on parole from a prior sentence for felony on December 1, 1955, he was rebooked at the time he was returned to the Kansas state penitentiary in August, 1959. He commenced serving the instant sentence December 7, 1956. He had lost no good time credits and his discharge date was computed by penitentiary officials as July 20, 1961.

After these facts were shown from the pleadings of the parties and the evidence adduced at the hearing thereon, the trial court held:

"(a) petitioner was not entitled to credit on his Kansas sentence for the time spent in the Texas penitentiary; (b) by reason of petitioner's prior con-

viction, his sentence under consideration did not start on the date imposed but on the expiration of the prior sentence; (c) even if the sentence started on December 1, 1955, he still owed 10½ to 11 months on the sentence, less such good behavior credits as he might earn."

Since defendant was convicted December 1, 1955, he was subject to the provisions of G. S. 1949, 62-1528 as follows:

". . . any prisoner at large upon parole or conditional release, who shall commit a fresh crime, and upon conviction thereof shall be sentenced anew to the penitentiary, shall be subject to serve the second sentence after the first sentence is served or annulled, said second sentence to commerce from the termination of his liability upon the first or former sentence."

See *Blount v. Hand*, 187 Kan. 494, 357 P. 2d 859.

Defendant's second contention that he is entitled to credit on his Kansas sentence for the seventeen months he spent in a Texas penitentiary is really the gist of his application for the writ. He completely overlooks G. S. 1959 Supp. 62-2250 which places discretionary power in the five member state board of probation and parole, created by G. S. 1959 Supp. 62-2228, and quotes from G. S. 1959 Supp. 62-2251:

"Any prisoner who commits a crime while at large on parole or conditional release and is convicted and sentenced therefor shall serve such sentence concurrently with the term under which he was released, *unless otherwise ordered by the court in sentencing for the new offense.*" (Our emphasis.)

A short and complete answer to defendant's argument is that the above-quoted statute in clear, unambiguous and concise language gives to the court, here the district court, power to exercise its judicial discretion in determining whether a sentence for a new infraction shall be served concurrently or consecutively with the term under which a parole prisoner was released. This court is not saying, nor does it intend to say by what is herein contained, that the board might not have allowed credit for the time defendant served in the Texas state penitentiary. Stated in another way, from the time of the issuance of the fugitive warrant, by reason of defendant's becoming delinquent on his parole, until he was arrested and returned to the state of Kansas, defendant cannot, as a matter of right, claim credit on his sentence because he served in the penitentiary, or penal institution, of some other state. (*Chambers v. Hand*, 186 Kan. 380, 350 P. 2d 50.)

On the third point defendant has the burden of showing that he has satisfied his debt to society by the amount of time he has actually served after allowance has been made for good time.

He admits that in order to be entitled to the writ he must be given credit for the above-described delinquent time between the issuance of the fugitive warrant and his return to custody of the Kansas state penitentiary authorities. We think this admission makes it unnecessary to repeat respondent's computation of time as shown in the record which sets defendant's discharge date as July 20, 1961. Defendant's approach that he had a right to have his delinquent time while he was imprisoned in the Texas state penitentiary is untenable and has no basis under our statutes. (See, also, *Wey v. Hand,* 188 Kan. 192, 360 P. 2d 880.)

The trial court entered the only judgment it could under the facts, the circumstances, and the law.

Judgment affirmed.