No. 43,540

Roy Gayle Wiles, *Petitioner*, v. Board of Probation and Parole and Sherman H. Crouse, Warden, Kansas State Penitentiary, *Respondent.*

(383 P. 2d 969)

Opinion filed July 10, 1963.

Roy Gayle Wiles, *petitioner*, was on the brief *pro se*.

*Arthur E. Palmer*, Assistant Attorney General, argued the cause, and *William M. Ferguson*, Attorney General, was with him on the brief for the respondent.

The opinion of the court was delivered by

Schroeder, J.: This is an original proceeding in habeas corpus wherein the petitioner seeks his release from the Kansas State Penitentiary, where he is presently confined pursuant to sentences rendered by the district court of Franklin County for the crimes of attempted larceny of an automobile (Case No. 2817) and of breaking jail (Case No. 2820).

The primary question presented is whether the petitioner, who was improperly granted a parole, is entitled to credit on his sentence for the time during which he was delinquent on such parole.

On September 16, 1955, the petitioner was sentenced by the Franklin County district court (Case No. 2817) to the Kansas State Penitentiary on his plea of guilty to an information charging him with attempting to steal an automobile in violation of G. S. 1949, 21-533 and 21-101. He was sentenced "until discharged therefrom according to law." Reference to G. S. 1949, 21-534 and 21-101,

*Second,* reveals that a term of from two and one-half years to seven and one-half years is prescribed for this crime.

After the petitioner's conviction, but prior to his delivery to the State Penitentiary, he escaped from the Franklin County jail. On September 30, 1955, in the district court of Franklin County (Case No. 2820) the petitioner pleaded guilty to an information charging him with the offense of breaking jail in violation of G. S. 1949, 21-735. The court thereupon sentenced him to a term of two years which was increased to four years pursuant to the provisions of G. S. 1949, 21-107a, commonly known as the habitual criminal act. G. S. 1949, 21-735, provides that a sentence for breaking jail in violation of such statute must commence at the expiration of the original term of imprisonment.

The record discloses that the petitioner was paroled on July 2, 1958, and declared delinquent while on parole by the Board of Probation and Parole on September 8, 1958. The petitioner, however, was not returned to the Kansas State Penitentiary until January 14, 1962, thus making him delinquent on parole for a period of three years, four months and six days.

The petitioner contends that since he had not served the minimum time on his sentences; that is, the sentence imposed in Case No. 2817, and the minimum time required on the sentence imposed in Case No. 2820, the parole should not have been granted under the terms of G. S. 1961 Supp., 62-2245, and that by reason thereof he should not be required to serve the time he was delinquent on such parole.

The respondent concedes the petitioner was improperly granted a parole, but denies the petitioner is entitled to his release.

The provisions of G. S. 1961 Supp., 62-2245, authorize the Board of Probation and Parole to parole a prisoner "At any time after service of the minimum term of sentence." The Attorney General of Kansas has ruled that where a prisoner is sentenced to two consecutive sentences, the minimum term which must be served before the prisoner is eligible for parole includes service of the first sentence in its entirety and service of the minimum term of the second sentence.

The petitioner in the instant case was paroled prior to the above opinion of the Attorney General and before the petitioner had served the minimum term as that phrase has been construed. It

is thus apparent the petitioner should not have been granted the parole on the 2nd day of July, 1958.

The petitioner seems to reason that his release under these conditions was in effect a commutation of his sentence, citing *In re Jones,* 154 Kan. 589, 121 P. 2d 219; and that he should not be required to serve the time he was delinquent on parole because he was a fugitive from justice under the terms of G. S. 1961 Supp., 62-2250, last paragraph.

In the *Jones* case the Governor of Louisiana released a prisoner to Federal Authorities without making any conditions prior to his release, and the court held the Governor's action was in effect a commutation of the prisoner's sentence. The case does not help the petitioner here who accepted a parole under specifically stated written conditions from the State Board of Probation and Parole.

This court has held that the expiration of time without imprisonment because of an abortive parole for which the petitioner had applied could not be deemed execution of a sentence of confinement. (*In re Jackson,* 107 Kan. 167, 190 Pac. 608.)

The United States Court of Appeals for the Tenth Circuit said lapse of time without the imprisonment or restraint contemplated by law does not constitute service of sentence. (*Yates v. Looney,* 250 F. 2d 956, 957.)

The Supreme Court of Michigan has likewise indicated in *In re Cammarata,* 341 Mich. 528, 67 N. W. 2d 677, cert. den. 349 U. S. 953, 99 L. Ed. 1278, 75 S. Ct. 881, that a prisoner who has accepted the grant of his freedom upon certain conditions, and later violates them, cannot claim that the action which led to his release was an *ultra vires* act. See, also, *In re Patterson,* 94 Kan. 439, 146 Pac. 1009, where this court held that acceptance of a parole is acceptance of its conditions, and *In re Tabor,* 173 Kan. 686, 250 P. 2d 793, Syllabus ¶ 3, to the same effect.

The record in this case discloses that the petitioner was improperly sentenced by the district court of Franklin County in Case No. 2820 for the crime of breaking jail. The provisions of 21-735, *supra,* are that the penalty for breaking jail shall be "confinement and hard labor not exceeding three years." The district court in ordering a two-year sentence, which was doubled to a term of four years under the habitual criminal statute, erroneously

referred to G. S. 1949, 21-736, which relates to breaking jail before conviction.

It is also apparent the district court did not comply with the provisions of G. S. 1949, 62-1521 (now repealed but effective when the petitioner was sentenced in 1955), which read in part:

". . . the court imposing such sentence shall not fix the limit or duration of the sentence, but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term provided by law for the crime for which the person was convicted and sentenced, . . ."

The rules applicable where the trial court imposes an erroneous sentence upon a criminal defendant are stated in *Johnson v. Hand,* 189 Kan. 103, 367 P. 2d 70, in the following language:

"It is therefore apparent the sentence imposed by the trial court was in error, and, being in error, it is considered to be void under our decisions. *Edwards v. Hudspeth,* 159 Kan. 37, 151 P. 2d 698; *Richardson v. Hand,* 182 Kan. 326, 320 P. 2d 837, and authorities cited therein.) . . .

"Kansas has always considered an erroneous or irregular sentence the same as a void sentence, and thus within the power of a court to substitute a new and valid sentence. Under the circumstances this court may remand a prisoner for further proceedings in the district court to correct a void or erroneous sentence, . . ." (p. 104.)

The record in this case should not be left in a state of equivocation. (*Pippin v. Edmondson,* 177 Kan. 123, 125, 276 P. 2d 315.)

Although not disclosed in the record, it is a foregone conclusion from the filing of the writ herein that the State Board of Probation and Parole determined the time, from the issuing of the warrant to the date of the petitioner's arrrest, should not be counted as time served under the sentence. (See, G. S. 1961 Supp., 62-2250.)

In conclusion we hold the petitioner's contention that he is entitled to credit on his sentence for the time he was delinquent on parole is wholly without merit, and he has not made it appear that he is entitled to his liberty at this time. Having accepted the parole, he cannot complain of being penalized for failure to comply with the conditions of his parole.

The sentence imposed by the district court of Franklin County in Case No. 2820 being void, it is ordered and directed that the petitioner be taken before the district court of Franklin County, Kansas, for imposition of a proper sentence in accordance with G. S. 1949, 21-735 and 21-107a.

The writ is denied.