No. 43,825

ROBERT McQUEEN, *Petitioner,* v. SHERMAN H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent.*

(391 P. 2d 68)

Opinion filed April 11, 1964.

Petitioner was on the brief *pro se.*

*Arthur E. Palmer,* Assistant Attorney General, argued the cause, and *William M. Ferguson,* Attorney General, was with him on the brief for the respondent.

The opinion of the court was delivered by

PRICE, J.: In this original proceeding for a writ of habeas corpus, the petitioner seeks his release from the state penitentiary.

In June 23, 1953, in the district court of Russell county, petitioner, being represented by counsel, entered his plea of guilty to one count of grand larceny and to two counts of burglary in the second degree. On the grand larceny charge he was sentenced to confinement for not more than five years (G. S. 1949, 21-534). On each of the burglary charges he was sentenced to confinement for not more than ten years (G. S. 1949, 21-523). It was ordered that the three sentences run concurrently. Pursuant thereto petitioner was confined in the state penitentiary.

In September, 1956, petitioner was released on parole.

While on parole petitioner was charged in the district court of Shawnee county (case No. 20,814) with six counts of burglary in the second degree and larceny in connection therewith. The offenses were alleged to have occurred in December, 1956.

In January, 1957, while in custody in the county jail of Shawnee

county pending trial on the burglary and larceny charges, petitioner escaped. He was apprehended.

In the meantime, in January, 1957, petitioner was declared delinquent on his parole from the Russell county sentences.

On February 20, 1957, in the district court of Shawnee county (case No. 20,814), petitioner, being represented by counsel, entered his plea of guilty to one count of burglary in the second degree and larceny in connection therewith, and was sentenced to confinement for not less than five years nor more than ten years (G. S. 1949, 21-523 and 21-524). On motion of the state the remaining five counts were dismissed.

In the meantime an information was filed in the district court of Shawnee county (case No. 20,817) charging petitioner with the offense of escaping custody. On February 20, 1957, petitioner, being represented by counsel, entered a plea of guilty to that charge and was sentenced to confinement "until discharged according to law," such sentence being "imposed under Sec. 21-735, G. S. of Kansas, 1949."

Petitioner's contention appears to be that upon his return to the penitentiary he was improperly "booked" by the prison authorities; that he is entitled to credit on the Shawnee county sentences from the date they were imposed, and that with "good-time credits" he is entitled to his release.

There is no merit to this contention.

The penalty for an offense is that provided by statute at the time the offense was committed. (*State v. Woodbury,* 132 Kan. 22, syl. 8, 294 Pac. 928; *State v. Johnson,* 185 Kan. 1, 5, 340 P. 2d 373.) At the time petitioner committed the offenses in Shawnee county he was on parole from the penitentiary, having been confined there pursuant to the Russell county sentences. In force at that time was G. S. 1949, 62-1528, which provides that any prisoner at large upon parole or conditional release who shall commit a fresh crime, and upon conviction thereof shall be sentenced anew to the penitentiary, shall be subject to serve the second sentence after the first sentence is served or annulled, and said second sentence is to commence from the termination of his liability upon the first or former sentence. The Shawnee county sentences, therefore, did not commence to run until the expiration of the prior Russell county sentences. (*Pyle v. Edmonson,* 178 Kan. 521, 290 P. 2d 100; *Blount v. Hand,* 187 Kan. 494,

357 P. 2d 859.) This being so, petitioner has not, under any theory or computation of time, served the sentences imposed by the district court of Shawnee county on February 20, 1957, and therefore is not entitled to his release.

Two other points require brief mention.

In sentencing petitioner the district court of Shawnee county did not specify whether the two sentences imposed were to run concurrently or consecutively. The matter, therefore, is governed by G. S. 1949, 62-1512, and what was said and held in *Beck v. Fetters*, 137 Kan. 750, 22 P. 2d 479; *Moore v. Hand*, 187 Kan. 260, 356 P. 2d 809, and *Moore v. Crouse*, 191 Kan. 323, 380 P. 2d 373. The Shawnee county sentences are to run consecutively, and the sentence on the burglary and larceny charge (case No. 20,814), having been imposed first, the sentence on the escaping custody charge (case No. 20,817) does not commence until the expiration of the sentence on the burglary and larceny charge.

The other matter is this:

In the "escaping custody" case in Shawnee county (case No. 20,817) the information charged that petitioner escaped custody "pending trial for burglary and larceny." Such offense, that is, escaping while awaiting trial and *before* conviction, is covered by G. S. 1949, 21-736, and the maximum penalty provided is confinement for not to exceed two years. The court, however, imposed the sentence provided by G. S. 1949, 21-735, for escaping *following* conviction, the maximum penalty for which is confinement for not to exceed three years. It is clear that the information charged, and that defendant pleaded guilty to, an offense under G. S. 1949, 21-736, rather than G. S. 1949, 21-735, and that the proper sentence should have been confinement for not to exceed two years.

Under the authority of *Richardson v. Hand*, 182 Kan. 326, 320 P. 2d 837; *Johnson v. Hand*, 189 Kan. 103, syllabi 2 and 3, 367 P. 2d 70, and *Wiles v. Board of Probation & Parole*, 191 Kan. 705, 708, 383 P. 2d 969, it is ordered and directed that petitioner be taken by the proper authorities before the district court of Shawnee county, and that in case No. 20,817 such court impose a proper sentence in accordance with the provisions of G. S. 1949, 21-736.

The petition for a writ of habeas corpus is denied.

FONTRON, J., not participating.